No. 11,011.

MRS. H. L. STANTON vs. W. H. HARVEY.

| 44 | 511 |
| 49 | 1315 |
| 44 | 511 |
| 109 | 737 |

Rent due under a lease entered into by a husband in the name of his wife, though the lease was signed in another State, the place of their domicil, for property situate in this State, can be claimed from the husband. It is a community debt, incurred by him, for which he is liable and can be made to pay. It is to be regulated by the *lex loci contractus*, which thus fixes the responsibility.

APPEAL from the Ninth District Court, Parish of Concordia. *Young, J.*

*Elam & Dagg* for Plaintiff and Appellee.

*Luce & Lemle* for Defendant and Appellant:

1. To authorize a judgment against one for the debt of another by reason of the

fraudulent disposition of the debtors, the insolvency of the debtor must be alleged and shown, and it must be alleged and proved that the debt can not be made out of the debtor.

2. Such an action is for damages for a quasi offence, and must be clearly and conclusively established. 12 R. 25, 26; 16 An. 151; 1 Hen., p. 524, No. 1.

3. Under the Mississippi Code there is no community, and the husband is not liable for the obligations of the wife. Mississippi Code of 1880, Secs. 1168, 1169 and 1607.

4. The acquisition, alienation and contracts relating to personal property are governed by the law of the owner's domicil. 15 An. 154; 36 An. 21, Hyman, Lichtenstein & Co. vs. Shlenker & Hirsch   Story on Conflict of Laws, Secs. 376 and 377.

5. R. C. C., Art. 2400, applies to real estate, and if held to apply to personal property, only regulates the title and ownership thereof, and not the liability for its acquisition, and does not establish a community between non-residents married persons.

6. An obligation or demand for rents is a movable. R. C C. 474, 23 An. 11.

7. An obligation or demand for money follows the domicil of the creditor, and is personalty in Mississippi. Story on Conflict of Laws, Sec. 362; 9 R. 443; 35 An. 21.

8. Marital relations, rights, contracts and liabilities are governed by the law of the domicil.

---

The opinion of the court was delivered by

BERMUDEZ, C. J.   This is a suit to hold a husband liable for the rent of property leased by him in the name of his wife.

The property lies in Louisiana and the husband and wife were at the date of the contract residents of another State.

The defence is, that the defendant did not lease for *his* account but for that of *his wife;* that *he* is not liable, that *she is.*

From a judgment condemning him to pay he appealed.

The contention is, that, under the laws of the domicil of the parties, the wife could lease the property for her own account; that the husband would not, in such case, be liable for the rent due under it; that the contract was entered into at that domicil and that the wife is *alone* responsible.

The laws of the place of the domicil when the contract was entered into, and the domicil of the parties, play no important parts in this litigation.   The same laws exist in this State, as a married woman may here lease property for her individual account; but this she can do only if she have the means necessary and can show that the contract was entered into for her exclusive benefit and not for that of her husband, or of the community, if any, between them.

The law which is to govern in this controversy is not, however,

that of the place at which the contract was formed, the *lex loci contractus*, but that of the place at which it is to be executed, the *lex loci solutionis*.

It is a well recognized principle that each sovereignty has the right of regulating the acquisition of property within its territorial boundaries and to fix the nature of its character.

Hence it is that the law-giver has declared that all property acquired in this State by non-resident married persons, whether the title thereto be in the name of the husband, or wife, or their joint names, shall be subject to the same provisions of law which regulate the community of acquets and gains between citizens of this State. R. C. C. 2400.

It is apparent that, had property been purchased situate in this State, by the wife, whether acting in person or through an authorized agent, with the sanction of the husband, that property would have become, *prima facie*, at least, community property, whatever the domicil of the purchaser would have been, here or out of the State, and would have been thus dealt with, until the wife had proved that the purchase was made for her separate account, with her individual funds and in no way for account of her husband or the community.

Had the lease been signed by the wife with the authority of the husband, it would have been as much a community contract as it is when signed by the husband *for* the wife.

In the absence of such proof, had any portion of the price of sale remained unpaid suit could have been brought for it against the husband, as head and master, and as such alone responsible, and judgment could have been recovered. R. C. C. 2404. It would have been a community debt.

This applies whatever the property might be, for the law does not discriminate and place any limit, or characterize the same. R. C. C. 2402. It merely considers the *date* of the purchase and not the person who made it. It needs no reasoning or authority to show that the husband, as head and master of the community, is liable for its debts, contracted by him, for which the wife is not responsible and which anyhow would be his, community or no community.

It is unnecessary to determine whether a lease is real or personal property, as its character, in that respect, is no factor in this case.

33

It is sufficient that it be a contract under which a right—which is *property*—has been acquired.

Being *property* it falls under the provisions of laws quoted, which apply as well to residents and to non-residents, and therefore to the defendant, for he is either the one or the other. Non-residents surely can not claim to be placed on a better footing than residents. When they do so pretend they must show clearly that they are entitled to the preference.

The right to enjoy the property leased was therefore a community asset, and failure to pay for it can be saddled on the husband.

Judgment affirmed.