### No. 11,187.

### MICHEL HEINE ET AL. VS. MECHANICS AND TRADERS INSURANCE COMPANY.

The purchaser of dotal property legally alienated has nothing to do with the re-investment of its value. The husband alone has the administration of the dowry. All that the purchaser has to do is to pay the price to the husband, who may act alone for the preservation of the dowry. The proceeds of the sale stand in lieu of the property itself, and become dotal. If the husband fails to reinvest the dotal funds the wife will have a legal mortgage on his immovables and a privilege on his movables for their restitution.

A marriage contract executed abroad by persons who have a domicil in the place where it is executed, the part of the contract relating to the sale of immovable property in Louisiana must be construed according to the laws of Louisiana.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor, J.*

*Chas. J. Théard* for Plaintiffs and Appellees:

Heine et al. vs. Mechanics and Traders Insurance Co.

A marriage contract executed abroad, by non-residents, and never recorded here, is of no effect whatever as to third persons, with regard to immovable property situated in this parish. Const. of 1868, Art. 123; Act. No. 95 of 1869; Const. of 1879, Art. 176; Lafarge vs. Morgan, 11 Martin, 527; De Armas and Wife vs. Hampton, 11 Martin, 554; Cambre vs. Grabert, 33 An. 246; Skipwith vs. Glathary, 34 An 33.

When the existence of such a contract is noticed by the purchaser of immovable property situated here, and the production of said contract is called for by said purchaser, the latter must accept or reject said contract as a whole; he can not accept the contract only in so far as it affixes the character of dotality to the property, and reject it in all other respects. The express conditions and reservations under which the property has been brought in marriage, as dowry, can not be effaced from the contract.

The marriage contract is the law of the contracting parties, and of third persons dealing with them. Troplong, quoted in Stratton vs. Rogers, 11 An. 381.

It may be validly stipulated, in a marriage contract, that dotal immovables shall be alienable, and that the value of the same shall be reinvested in other immovables situated here, or in immovables situated in France, or in bonds of the United States.

Under the French law it is not disputed that such a stipulation is valid.

The marital rights of spouses, the rights resulting from their marriage, are regulated by the laws of their matrimonial domicil. Garnier vs. Poydras, 13 La. 182; Fisher vs. Fisher, 2 An. 776; Hayden vs. Nutt, 4 An. 67; Percy vs. Percy, 9 An. 186. See also 6 An. 256, 327; 9 An. 318; 10 An. 440, 566; 11 An. 598.

The aforesaid stipulation is also perfectly valid under the law of Louisiana.

In relation to property our law regulates the conjugal association only in the absence of particular agreements by the spouses, who are at liberty to make any stipulation that they may please; the sole limitation being that they can make no convention contrary to good morals or in contravention of prohibitory laws. C. C., Arts. 2325, 2326, 2327, 2333 and Art. 11; Marcadé, Vol. 5, p. 383; Toullier-Duvergier, Vol. 6, tit. V, ch. 1, pp. 13 and 14; Duranton, Vol. 14, tit. V, ch. 1, pp. 2 and 3; Pothier, Vol. 6, p. 41; Laurent, Vol. 23, pp. 507, 508, 511; Pritchard vs. Citizens Bank, 8 La. 133; Union Bank vs. Slidell, 11 La. 26 and 27; De Young vs. De Young, 6 An. 787; Desobry vs. Schlater et als., 25 An. 428. See also 8 Martin, 708; 9 Martin, 219; 11 An. 598.

Article 2360 is not a prohibitory law.

The provisions of our code with regard to reinvestment of dotal funds are addressed to the spouses, to the husband in particular, and are merely directory.

The inalienability of dotal immovable property is only of the nature, not of the essence, of the dotal régime. Duranton, Vol. 15, tit. V, pp. 370, 371.

Article 2360 is not a law of public order. Marcadé, Vol. 6, ch. III, pp. 14, 15 and 16; Laurent, Vol. 23, ch. IV, pp. 451, 452, 453, 458, 459, 483.

Article 2360 is an exceptional disposition in favor of certain persons. It may, therefore, be renounced by the individuals for whose benefit it has been made. State ex rel. Buisson vs. Lazarus, 33 An. 1429, and authorities there cited; Stein vs. Brunner, 42 An. 772.

Under our law the purchaser of dotal property has nothing to do with the reinvestment of the dotal funds. C. C., Arts. 2360, 2361, 2362; Arts. 2337, 2347, 2350; Arts. 2376, 2426, 2446 and Art. 2363. And particularly Montfort vs. Her Husband, 4 Robinson, 453.

*Percy Roberts contra.*

The opinion of the court was delivered by

McENERY, J.   The Mechanics and Traders Insurance Company bought from plaintiffs' property situated in New Orleans, at the northwest corner of Carondelet and Common streets, and deposited 10 per cent. of the price, $8000, in the hands of the real estate agent through whom the sale was effected.   Clarisse Blanche Marie Louise Heine, wife of Charles Achille Fould, owned one-sixth of said property.   On the presentation of the power of attorney of the vendors to execute the sale, it was discovered by defendant that Fould and his wife had entered into a marriage contract in France, where they resided, in which it was stated that the property in question shall be alienated only upon the condition that Madame Fould shall reinvest in accordance with the stipulations of the marriage contract, her share of the proceeds of the sale of said property.

The marriage contract was demanded by the defendants, which was produced, and a duly certified copy of the same is in the record.

That part of the marriage contract which it will be necessary to consider is as follows:

## "ARTICLE I.

### " Régime.

" The future spouses adopt, as the basis of their union, the dotal régime as established by the Civil Code, under the modifications hereinafter expressed."        *        *        *        *        *

## "ARTICLE V.

### " Alienation of the Dotal Property.

" Notwithstanding the adoption of the dotal régime, as above stated, Miss Heine, the future wife, shall always have the right, with the authorization of her husband, and without being obliged to fulfil any judicial formality—

" To alienate, exchange or transfer, by private sale or by public auction, all her property, present or future, movable or immovable,        *        *        *        shares or undivided portions of property held in common with others.        *        *        *        *

" The proceeds of said sales, exchanges or transfers        *        *        *        shall, when received, be invested in the manner hereinafter prescribed."

The contract then goes on to enumerate every species of property in which said proceeds may be invested. The list is too lengthy to transcribe it here. It includes every security considered by the spouses available and safe. Among others it naturally specifies immovables, whether situated in France or in the United States of America, and bonds, of any denomination, of the United States of America.

After this contract had been submitted to the purchaser, he refused to accept title, on the ground that under Art. 2360, Civil Code, the dotal property of the wife can not be alienated during marriage, unless its value is contemporaneously reinvested in other immovables situated in this State, and that the obligation of reinvesting the value of such immovable in other immovable property is imposed jointly on the husband of the vendor and on the vendee.

The plaintiffs brought their suit to compel defendant to accept title. There was judgment in their favor and the defendant appealed.

The marriage contract was made in France, where the husband and wife resided and had their permanent domicil.

That part of the contract which related to the ability of the party to transfer the property situated in Louisiana must be governed by the law of Louisiana. Saul vs. His Creditors, 5 M. W. S. 569: Story Conflict of Laws, Secs. 431 and 219; 28 Miss. 42; 11 Mo. 314.

Article 2360, Civil Code, is a restraint upon the alienation of immovable property, and all restraints on the alienation of land are governed by the *lex loci rei sitæ*. 12 Eng. L. and Eq. 206.

Article 2360, Civil Code, is as follows:

"Immovables settled as dowry may be alienated with the wife's consent when the alienation of the same has been allowed by the marriage contract; but their value must be reinvested in other immovables."

In commenting on this article of the code, in the case of Montfort vs. Husband, 4 Robinson, 453, this court said:

"It has been urged, however, that it was the duty of the purchaser to see that the funds proceeding from the sale were reinvested or laid out as dotal funds for the benefit of the wife. * * * We have been unable to find anything in our law that would favor any such pretension. Article 2341 does not say by whom the investment is to be made; and we are not prepared to say that the purchaser of

the dotal property thus legally alienated had any right to interfere in the wife's funds and in the administration of her dotal effects. This properly belongs to the husband, who alone has the administration of the dowry (C. C., Art. 2330); and it seems to us that all that the purchaser has to do is to pay the amount of his purchase to the husband, who, according to our law, may act alone for the preservation or recovery of the dowry. The proceeds of the dotal property stand in lieu of the property itself; they become dotal, and, as such, they must be given or paid over to the husband (C. C., Art 2327). Articles 2355 and 3287 of the Civil Code, which say that the wife has a legal mortgage on the immovables and a privilege on the immovables of her husband for the restitution of her dowry, and *for the reinvestment of the dotal property* sold or alienated by the husband, corroborate the view we have taken on this subject, and show clearly that the dotal rights of the wife are so secured by the legal mortgage and privilege thus allowed her that if the husband fails to reinvest her dotal funds his own property will immediately become subject to the reinvestment, and will, as as such, under the mortgage, stand in lieu of the property itself, to secure the replacing of her dotal effects (*pour le remploi des biens dotaux*)."

The sale of the wife's dotal immovable in this case had been made to effect a partition, and the comment on Article 2360 was unnecessary and was *obiter dictum*. But the reasoning we think is conclusive, and applicable to the instant case.

While the ownership of the dotal immovable remains in the wife, the husband alone has the administration of it. C. C. 2350.

"Immovables settled as a dowry can not be alienated or mortgaged during the marriage by the husband or wife, nor by both together, except as is hereinafter expressed." C. C. 2357.

Among the exceptions is that they may be alienated with the wife's consent when it has been allowed by the marriage contract, but their value must be reinvested in other immovables. C. C. 2360.

There is no reason why the exception granted in this article should not fall under the same rules which govern the alienation of the dotal immovable in other cases where its alienation is permitted. The condition in this article is that the alienation is allowed in the marriage contract, and the declaration in the article that their value must be reinvested in other immovables is no limitation upon the power

to alienate. It would practically render the article inoperative and would impose upon the vendee such responsibilities that no purchaser would assume. If he be compelled to see that the value of the immovable is reinvested in other immovable, the duty to investigate the title of the other immovable, and the value would necessarily be an accompanying duty also. The husband has the undoubted right to receive the price of the sale as the administrator of the dowry. Art. 2350, C. C., declares that the wife can not deprive him of it. The Art. 2360 certainly did not intend to repeal or modify said article. The Art. 2760 of the C. C. intended that the husband, as administrator of the dowry should reinvest the value of the dotal immovable, alienated, in other immovable property, and until he does so Art. 2876, C. C., gives the wife a legal mortgage on her immovable and a privilege on his movable property. If he reinvests it in his own name it is still dotal property. Art. 2356, C. C.

It is claimed that the case of Belouguet vs. Lanata, 13 An. 2, supports the views of defendants in the interpretation of the Art. 2360, C. C. But in this case the court said: "That the question here is not what might the parties have done, but what have they done; not what the code means, but what the marriage contract means." The marriage contract allowed the sale of the property with the wife's consent. It was mortgaged for the avowed purpose of paying off her old debts. It was decided that under the power to sell allowed in the marriage contract she could not mortgage.

The case has no bearing on the issues involved here.

Judgment affirmed.