(49 South. 272.)

No. 17,488.

MAY v. TEXAS & P. RY. CO.

In re MAY.

(April 12, 1909. Rehearing Denied May 10, 1909.)

1. RAILROADS (§ 373*)—INJURIES TO PERSONS ON TRACK—RATE OF SPEED.

The defendant was negligent by running its train at a too rapid rate of speed, and in not respecting the ordinance of the municipality.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1270; Dec. Dig. § 373.*]

2. RAILROADS (§ 383*)—INJURIES TO PERSONS ON TRACK—CONTRIBUTORY NEGLIGENCE.

The plaintiff was not careful. He suddenly stepped from the track he was pursuing to the track on which the train was advancing at a rapid rate of speed.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1305; Dec. Dig. § 383.*]

3. PROXIMATE CAUSE.

There was no act of negligence committed by the trainmen after the plaintiff stepped on the track.

4. CONTRIBUTORY NEGLIGENCE.

The proximate cause was his heedlessly stepping on the track while the train was dangerously near.

5. CONTRIBUTORY NEGLIGENCE.

Had plaintiff exercised ordinary care, he might have avoided the consequences.

6. RAILROADS (§ 387*)—INJURIES TO PERSONS ON TRACK—CONTRIBUTORY NEGLIGENCE.

He was the last at fault.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1314, 1315; Dec. Dig. § 387.*]

7. RAILROADS (§ 383*)—INJURIES TO PERSONS ON TRACK—CONTRIBUTORY NEGLIGENCE.

There are occasions when it becomes the duty of the pedestrian to look and listen before stepping on the track.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1305; Dec. Dig. § 383.*]

Nicholls, J., dissenting.

(Syllabus by the Court.)

Action by Ellis D. May against the Texas & Pacific Railway Company. There was a judgment for defendant, which was affirmed by the Court of Appeal, and plaintiff applies for certiorari or a writ of review. Application dismissed.

Hall & Jack, for applicant. Wise, Randolph & Rendall, for respondent.

BREAUX, C. J. This suit was brought by plaintiff in the district court of Caddo parish for $2,000 damages for personal injuries suffered while walking on defendant's track within the incorporated limits of Shreveport.

Plaintiff is a telegraph lineman, aged about 20 years.

Between 12 and 1 o'clock on the day that he met with the accident, he was walking on the track with a satchel and bag of tools in his hands. He was going from the railroad station to Jordan street, where there is a junction with Southern avenue.

This was within the limits of the private yards of the railroad companies operating through that part of the city of Shreveport.

Plaintiff was familiar with that part of the city and with the tracks of these railroads.

There are large signboards at Jordan street and at the Union Station warning persons against trespassing on the railroad property at this point.

Defendant's train consisted of three coaches with an engine and tender. It left the station at 12:55 p. m. The bells of the train were ringing automatically. The engineer was at his station on the engine.

He saw the plaintiff at a distance of about 125 yards ahead, walking in the direction the train was going.

He was walking at a safe distance from the track. The track on which he was walking was on the side of and parallel to the track on which the train was running.

The engineer who was running the engine testified that he mistook plaintiff for a lineman of defendant company and expected to give him signal to board the train at Gary street.

The train was running at that time at the rate of about 12 to 15 miles an hour.

There is an ordinance of the city of Shreveport limiting the rate of speed of a railroad within the municipal limits to six miles an hour.

We are informed that suddenly plaintiff stepped on the track at a distance of from 45 to 60 feet without looking back, and continued to walk ahead in the direction that the railroad was running.

The engineer blew the danger whistle, put on the brakes, and from that moment did all that he could to avoid the collision, but did not succeed. The train struck the defendant and he was hurt in the fall occasioned by the blow.

Plaintiff admits that he never looked back, and that he did not hear the train, and did not know of its approach until it struck him.

At the time of this accident, the train was running upgrade, and one of the witnesses testified that it was making noise. The laboring engine could be heard some 400 or 500 feet from it.

The case was tried by a jury. It found for plaintiff, and assessed the damages at $2,000.

Three of the jurors did not agree with the verdict.

During the trial, after the court had given its general charge, plaintiff asked the court to instruct the jury as follows:

"If you find that the defendant was negligent in running its train at an illegal rate of speed, and that the plaintiff was negligently on the track, had the train been running at a legal rate of speed, the accident could have been avoided by timely action on the part of those in charge of the train after he was discovered on the track, then plaintiff should recover."

This instruction was given in accordance with plaintiff's request.

The court states as part of its elaborate opinion on rehearing that the charge was given on the authority of a decision of one of the common-law states.

An exception was taken to this instruction by defendant.

We are informed that the jury while deliberating returned to the court, and made inquiry in regard to the charge.

From these inquiries the court inferred that the instruction before given did much toward moving the jury to find a verdict for plaintiff for the amount sued for.

The court reconsidered its opinion, and arrived at the conclusion that the charge above given was not a correct exposition of the law.

In a well-considered decision of the district court the court pertinently said that, if the charge above given is correct, then the verdict is correct. If it is not good law, then the verdict is wrong, and should be set aside.

After study and reflection, evidenced by a well-prepared opinion, the court granted a new trial.

After the new trial had been granted, we are informed that judgment was rendered by the court without a jury against plaintiff.

On appeal the appellate court affirmed the judgment of the district court.

The case is here on an application of plaintiff to reverse both the judgment of the district court and the judgment of the Court of Appeal.

There is no question but that defendant was guilty of negligence and plaintiff of contributory negligence.

It becomes necessary to determine whether the contributory negligence of plaintiff shall operate as bar to recovery of damages.

Defendant's negligence was committed prior to plaintiff's negligence. At the rate at which the train was running, it was impossible for the engineer to avoid the collision after he saw plaintiff.

The doctrine of the last clear chance has given rise to a number of discussions and to a number of varying and conflicting opinions. In this state the appellate courts were slow to embody the rule of the 'last clear chance in our jurisprudence. Of late years it has been embodied, to an extent at least, as part of our jurisprudence.

But it was never the intention to hold that the pedestrian is under no necessity of being careful, and that he can walk on a track without hesitation and pursue his route as he might do on any ordinary road without looking. On the contrary, he should exercise his own faculties to a reasonable extent.

The position is taken here that the municipal ordinance limiting the speed of plaintiff's train to six miles an hour while running in the city limits not having been obeyed excused the usual want of ordinary care on the part of the pedestrian.

This court has never gone to that extent. It has always sought to hold the pedestrian to some degree of care in stepping on a track and using it as an ordinary road.

Mr. Elliott on that subject says:

"If the failure to obey statutory requirements or provisions of municipal ordinances excused the traveler from himself exercising the care which the law requires of him, there would seldom be any question of contributory negligence, and a multitude of decisions would be rendered nugatory." 3 Elliott (2d Ed.) p. 1171.

The negligence of the plaintiff contributed to his own injury. He was the last at fault.

Reasonable care is required of one who goes upon the track of a commercial railroad, and each, the railroad and the passenger, is held to the exercise of reasonable care, and there is no exercise of reasonable care if the pedestrian suddenly steps without looking at all on a track not far ahead of a rapidly approaching train to continue his walk without giving himself any concern about the train.

The pedestrian must be held to the necessity to "stop, look, and listen"; and, while he will not be held to that necessity where it will serve no purpose, there are cases where failure to thus stop, look, and listen will defeat his recovery.

The surroundings in this instance imposed that duty. He knew something of the track, must have known that a number of trains passed there during the day.

It must be borne in mind that plaintiff was not placed in sudden peril by the negligence of the railroad company. He placed himself in imminent peril by not exercising his faculties. The train was in the open, with nothing to obstruct his view.

We have held recently that the failure to keep a flagman at a crossing was under the facts of the case ground for allowing damages. The casualty happened in that case where pedestrians had a right to cross and a number crossed the tracks. It was deemed by the corporate authorities a dangerous place that required a flagman. Although there was no flagman in accordance with the requirements of the ordinance, nothing was done to supply the absence of the want of a flagman at this dangerous place. Lou Taylor,

tutrix, v. Vicksburg, S. & P. Ry. Co., 49 South. 518, post, 768.

The decisions cited by learned counsel for applicant have bearing, where, as in the first case cited, the McGuire Case, cited infra, the engine was out of order, leaked, and interrupted the sight of the engineer.

·Although we must say that this is an extreme case, and has not been considered as authoritative in every instance.

We refer to McGuire v. Vicksburg, S. & P. R. Co., 46 La. Ann. 1543, 16 South. 457.

In the next case cited by learned counsel there was no lookout on the front end of the car. This decision hinges upon the fact that the railroad company should not neglect to place men at all required points in running a train in order to avoid against the danger of taking human life.

The same is true of the other decisions cited by learned counsel. They are not directly pertinent to the point at issue here.

Counsel with confidence cites Railroad v. Ives, 114 U. S. 415, 12 Sup. Ct. 679, 36 L. Ed. 485. The question decided was in regard to a pedestrian who attempted to pass at a crossing. The case hinged upon the question what a reasonable person under the circumstances would have done.

The court said that the plaintiff had failed to do that "which a reasonable and prudent person would ordinarily have done, and therefore is without right to recover."

In that case the court in effect said, if the deceased had acted with due care and caution, the administrator of his estate would be entitled to a verdict. If he had not, the administrator was not entitled to a verdict.

We are of opinion that in the case before us as in the cited case the unfortunate plaintiff did not act with care and prudence.

For reasons·stated, we recall the writ nisi which issued in this case, and dismiss applicant's petition and his demand, at his costs.

NICHOLLS, J., dissents.