(58 South. 767.)

No. 18,942.

COOK v. LOUISIANA & N. W. R. CO.

·(April 22, 1912. Rehearing Denied June 4, 1912.)

*(Syllabus by the Court.)*

1. RAILROADS (§ 382*)—INJURIES TO MINOR ON TRACK.

Where a boy nine years of age and of average intelligence, without looking or listen·ing, steps on a railroad track immediately in front of an advancing locomotive, he is guilty of contributory negligence.

[Ed. Note.—For other cases, see Railroads, ·Cent. Dig. §§ 1297–1304; Dec. Dig. § 382.*]

2. RAILROADS (§ 377*)—ACCIDENT AT CROSS-ING.

Trainmen have a right to believe that a ·person approaching the railroad track will exercise his senses of sight and hearing so as to perceive the approaching train in time to ·avoid all accidents.

[Ed. Note.—For other cases, see Railroads, ·Cent. Dig. § 1280; Dec. Dig. § 377.*]

Appeal from Third Judicial District Court, Parish of Bienville; B. P. Edwards, Judge.

Action by J. M. Cook against the Louisiana & Northwest Railroad Company. Judgment for plaintiff, and defendant appeals. ·Reversed.

John A. Richardson, for appellant. J. E. ·Reynolds, for appellee.

LAND, J. Plaintiff sued for damages for ·personal injuries sustained by his minor ·son, Asa, aged nine years, who while walking on the track of the defendant company was struck by a locomotive. The boy lost ·his little toe and the flesh was torn from the bottom of his foot. From a judgment ·in favor of the plaintiff for $1,000, the defendant has appealed.

According to his own testimony the boy walked from a tramway onto the track of the railroad immediately in front of the locomotive which was pulling a freight train, and did not stop, look, or listen before going on the track.

His testimony reads as follows, to wit:

"Q. Asa, do you remember where you were when you got your foot hurt?
"A. On the main line.
"Q. Of what railroad—what was the name of the railroad—do you know?
"A. No, sir.
"Q. How close were you to the mill, were you opposite to the mill when you got hurt?
"A. I don't know that.
"Q. Where were you the first time that you knew that you were hurt?
"A. I was up to the office.
"Q. Who picked you up, Asa?
"A. I don't know that.
"Q. On which side of the track did you fall off when you were hit by the train, the side next to the mill or office of the company?
"A. I think I was on the side next to the mill.
"Q. Did you hear any train coming behind you before you were hit?
"A. No, sir.
"Q. Did you know anything about the train being anywhere before you were hit?
"A. No, sir.
"Q. Did you hear any bell or whistle?
"A. They didn't whistle."

Cross-examined:

"Q. Asa, you had been carrying your father's dinner down there, had you not?
"A. Yes, sir.
"Q. You had been down there a good ·many times before that?
"A. Yes, sir.
"Q. Your father and mother lived up in that direction that the mill road runs, don't they?
"A. No, sir.
"Q. Which way did you come when your mother gave you your father's dinner to carry?
"A. I come up the log road.
"Q. You come right up the log road and went on the main line?
"A. Yes, sir.
"Q. And walked up a little piece when you were hit?
"A. Yes, sir.
"Q. Did you hear the train blow before you were hit?
"A. No, sir.
"Q. Just before you were hit?
"A. I didn't hear it.
"Q. Didn't the train whistle?
"A. No, sir.
"Q. Did you make any effort to jump off the track?

"A. No, sir.

"Q. Were you standing still or walking, had your face down towards the mill, and when you walked on the track did you look north to see if any cars were coming?

"A. No, sir.

"Q. You didn't look anywhere?

"A. No, sir.

"Q. You just walked on up the track?

"A. Yes, sir."

Why the boy did not see or hear the train is not explained by the evidence. The view was open, and the train was running at a slow speed. The petition alleges, but it was not proved, that the boy while walking along the track was met by a vicious dog which he drove away, and shortly afterwards the boy was run over by the train.

The boy's mother had cautioned him "about going around railroads," and she testified that he was old enough to have appreciated the danger if he had seen the train.

The boy was on the left side of the railroad track, and the engineer could not, and did not, see him until he stepped on the track about 30 or 35 feet in front of the locomotive. The fireman testified that he saw the boy standing between the log road and the railroad track and did not know that he was going to get on the track. A brakeman, who was riding on the pilot, testified that he saw the boy coming towards the track and shouted at him, but the boy paid no attention and walked onto the track and stopped, looking the other way. The brakeman further testified that, when the locomotive was within a few feet of the boy, the witness jumped up and ran into the cab and found that the engine had been reversed.

[1] The boy was old enough to be guilty of contributory negligence. Lynch v. Knoop, 118 La. 618, 43 South. 252, 8 L. R. A. (N. S.) 480, 118 Am. St. Rep. 391, 10 Ann. Cas. 807; Westerfield v. Levis Bros., 43 La. Ann. 63, 9 South. 52. The boy was also intelligent enough to appreciate the danger of walking on a railroad track. It was his own fault that he did not see the danger in time to avoid the accident.

[2] The trainmen had the right to believe that the boy would exercise his senses and would stop short of the track. Shulte v. Railroad Co., 44 La. Ann. 511, 11 South. 811.

When the boy manifested his intention of stepping on the railroad track, it was too late to avert the collision.

It is therefore ordered that the judgment below be reversed, and it is now ordered that plaintiff's suit be dismissed, with costs.