## MARLER et al. v. ILLINOIS CENT. R. CO.

(Circuit Court of Appeals, Fifth Circuit. January 31, 1916.)

No. 2768.

RAILROADS ⊙⇒400—ACTIONS FOR DEATH—DIRECTION OF VERDICT.

Where, in an action against a railroad company for death, the evidence clearly established that the decedent was guilty of contributory negligence, and furnished no substantial support for a finding that those in charge of the engine had a last clear chance to avoid injuring him after his peril was apparent, a verdict for defendant was properly directed.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1365–1381; Dec. Dig. ⊙⇒400.]

In Error to the District Court of the United States for the Southern District of Mississippi; Henry C. Niles, Judge.

Action by John I. Marler and others against the Illinois Central Railroad Company. Judgment on a directed verdict for defendant, and plaintiffs bring error. Affirmed.

William H. Watkins, of Jackson, Miss., and James Wm. Cassedy, of Brookhaven, Miss., for plaintiffs in error.

Edw. Mayes, of Jackson, Miss., for defendant in error.

Before PARDEE and WALKER, Circuit Judges, and NEWMAN, District Judge.

PER CURIAM. This action, although brought in the state of Mississippi, was to recover damages for the negligent killing of plaintiff's intestate in the state of Louisiana.

The evidence clearly established that the plaintiff's intestate was guilty of contributory negligence, and none of it was such as to fur-

nish substantial support for a finding that those in charge of the engine had a "last clear chance," after his peril due to his negligence, was apparent, to avoid injuring him. In this state of the evidence, the direction of a verdict for the defendant below was proper. See Harrison v. Louisiana Western R. R. Co., 132 La. 761, 61 South. 782; May v. Texas, etc., Ry. Co., 123 La. 647, 49 South. 272; Texas & Pacific Ry. Co. v. Modawell, 151 Fed. 421, 80 C. C. A. 651, 9 L. R. A. (N. S.) 646.

Jones v. Mackay Telegraph Co. (La.) 68 South. 379, appears to have been decided on its peculiar facts, and does not affect the "last clear chance" doctrine, as declared in Harrison v. Louisiana Western Railroad Co., supra.

Judgment affirmed.