(97 South. 261)

No. 23669.

## SAITTA v. YAZOO & M. V. R. CO.

(June 4, 1923.)

*(Syllabus by Editorial Staff.)*

1. Appeal and error ⬤⟶1010(1)—Finding of trial court as to whether signals were given by engineer held to be accepted.

On evidence in action for death, trial court's finding that engineer gave signals to warn person walking on or near the track *held* to be accepted by the Supreme Court.

2. Railroads ⬤⟶377—Engineer entitled to assume person on track would leave.

Though it was engineer's duty to give signals to warn one walking on or near the track, if he saw him in position of danger, which he was not reasonably preparing to leave, he was justified in assuming that such person would use his sense of hearing to discover approach of train and get out of its way.

Appeal from Civil District Court, Parish of Orleans; George H. Théard, Judge.

Action by Mrs. Rose S. Saitta against the Yazoo & Mississippi Valley Railroad Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Lazarus, Michel & Lazarus and Herbert S. Weil, all of New Orleans, for appellant.

Lemle, Moreno & Lemle, of New Orleans (W. S. Horton, of Chicago, Ill., C. N. Burch, of Memphis, Tenn., and Hunter C. Leake, of New Orleans, of counsel), for appellee.

DAWKINS, J. Plaintiff claims damages for the death of her husband, alleged to have been caused by the fault of defendant.

The judge below gave judgment for defendant, and plaintiff appeals.

Opinion.

[1] Deceased was struck by the right end of the pilot beam of defendant's locomotive and instantly killed. He was walking down the track ahead of the engine in broad daylight, just outside the rail. A step of a few inches to the right would have put him in a position of safety. Dispute arises in the testimony as to whether the engineer, who saw deceased on or near the track nearly a mile away, gave any warning of his approach with whistle or bell. There were only two eyewitnesses to the tragedy, to wit, the engineer and a negro woman who was walking on another track. The former testifies that the signals were given in ample time, while the latter claims this was not done until deceased had been struck. As a circumstance tending to discredit the engineer's testimony, there was offered in evidence a statement furnished the coroner to the effect that the whistle had not been blown or the bell rung before the collision. However, the engineer did not sign this statement, and stoutly denied that he had given any such information at the inquiry conducted by the officials of defendant company as a result of which it was said the report had been made to the coroner.

[2] These are issues of fact, as to which we are inclined to accept the finding of the trial court. Besides, although it was the duty of the engineer to give such signals, if he saw deceased was in a position of danger from which he was not reasonably preparing to remove himself, yet the former was justified in assuming that the deceased would use his sense of hearing so as to discover the approach of a heavy passenger train traveling 45 miles an hour and would get out of the way of the train. Cook v. Railroad Co., 130 La. 917, 58 South. 767; Herbert v. Railroad Co., 104 La. 483, 29 South. 239; White v. I. C. R. R. Co., 114 La. 827, 38 South. 574;

May v. T. & P. Ry. Co., 123 La. 647, 49 South. 272; Harrison v. Railroad Co., 132 La. 767, 61 South. 784.

The case is quite different from that of Blackburn v. L. R. & N. Ry. Co., 144 La. 520, 80 South. 708, and those cited therein. In those cases the injured persons were in positions of apparent helplessness which necessarily gave notice to the engineers of their peril; whereas, in the present instance, there was nothing to indicate that deceased would not do what dozens of people do every day, and that is step off the track and out of danger, when the engine came near enough to make it necessary.

Judgment affirmed.