STOULIG, Judge.
Plaintiffs, Mr. and Mrs. Earl James, filed suit to recover $7,330.00 due in connection with two separate real estate contracts. On one claim they seek the return of a $2,950.00 deposit they made upon entering into an agreement to buy immovable property in Pass Christian, Mississippi, that expired without title being tendered by the vendor. They also pray for $1,000.00 damages for mental aggravation in connection with the failure to return this deposit. The second claim stems from an alleged breach of duty by John E. Ruiz, a real estate broker handling the sale of their property at 800-02 Washington Avenue in the City of New Orleans. Plaintiffs aver Ruiz, through deceptive practices, took title himself after the original sale to a third party did not materialize, causing them a monetary loss of $3,380.00.
Named defendants were the realtor; his surety, The Travelers Indemnity Company; and Andrew Mourginnis, vendor of the Mississippi property whose liability is alleged only in connection with the first claim on the Mississippi contract. Defendants filed answers in which they admitted Mourginnis was the purported vendor but denied Ruiz acted as a broker in this transaction. They asserted plaintiffs forfeited their deposit by refusing to take title to the *212 Mississippi property. Mourginnis then reconvened, seeking the court to declare the deposit forfeited. For the purposes of this opinion it is unnecessary to outline the defenses raised in connection with the Washington Avenue claim, other than to note that Ruiz filed a reconventional demand against the plaintiffs seeking to recover $4,000.00 in damages from the appellees, allegedly caused exclusively by their misrepresentation of the value of certain inventory and fixtures transferred by the James-es to Ruiz in the Washington Avenue sale.
From a judgment awarding plaintiffs $2,950.00 against Ruiz and his surety and dismissing both reconventional demands, the defendants have appealed.
Plaintiffs have neither appealed nor answered this appeal; therefore, the issues before us narrow themselves to reviewing that part of the judgment (1) ordering plaintiffs’ deposit refunded and (2) dismissing the reconventional demands of Ruiz and Mourginnis.
We first consider the claims stemming from the Mississippi contract. Although the litigants’ rights arise from an agreement by plaintiffs to buy property at No. 14 Sherman Avenue, Pass Christian, Mississippi, it is necessary to trace the dealings between plaintiffs and Ruiz on two pieces of Mississippi real estate in order to understand the defendants’ position in this matter.
On July 20, 1966, the plaintiffs signed a written agreement to purchase No. 14 Sherman Avenue in Pass Christian, Mississippi for $24,500.00 from defendant Mour-ginnis. Their offer was contingent on certain repairs and renovations being made to the house. While defendant Ruiz procured the offer and acted as an intermediary between the buyers and the seller, he denied his capacity was that of real estate broker. The written agreement specifically negated the payment of a commission. Nonetheless, on July 21, 1966, plaintiffs gave a deposit of $2,450.00 by check payable to John E. Ruiz. The following day Ruiz solicited from them an additional $500.00 to pay for the renovations and repairs they had requested. Both checks, endorsed by Ruiz, were cashed immediately.
The agreement specified title was to be transferred on or before September 14, 1966. At this point it should be noted Cle-tis Babin, and not A. Mourginnis, was record owner of the Sherman property. The record reflects Mourginnis never acquired title thereto, either before September 14 or after — and it was subsequently sold, a year later, to a third party. Babin testified no repairs or renovations were ever made to his house.
Several days after signing the agreement to purchase, plaintiffs contacted Ruiz and asked him to release them from this obligation because the Sherman Avenue house did not suit them. Ruiz told them he knew of another piece of property at 793 St. Louis Street in Pass Christian that might interest them. After showing them the house, he presented to them a written offer purportedly signed by the owner, W. E. Morgan, dated July 29, 1966, agreeing to sell the property for $29,000.00. The offer to sell does not specify the purchaser to whom it is extended. Beneath Morgan’s signature, on the same page, plaintiffs signed an acceptance thereto, the text of which is written in longhand by Ruiz. Their acceptance is conditioned on obtaining a release from their prior obligation to buy Sherman Avenue and to having the $2,950.00 deposited with Ruiz credited toward the purchase price of the St. Louis Street property.
July 29th was a busy day for John Ruiz. Not only did he obtain the offer in blank to sell St. Louis Street for $29,000.00 from Morgan, but he also procured a written option from Morgan in his favor to buy St. Louis Street for $24,500.00. This document recites Ruiz had the exclusive right to purchase from Morgan through September 20, 1966, in consideration for giving a promissory note for $2,000.00 on or before August 2nd.
*213 On August 29, 1966, an attorney in Bay St. Louis, Mississippi passed an act of sale transferring the St. Louis Street property from Morgan directly to plaintiffs for a consideration of $24,500.00 cash. Plaintiffs testified Morgan contacted them some time after they signed the offer but before the sale was passed and they learned Morgan instructed Ruiz the sale price was to be $24,500.00. Ruiz was advised of the time and place the act was to be passed, but he failed to appear and, upon the advice of the attorney handling the sale, plaintiffs dealt directly with Morgan.
The following day Ruiz recorded his written option in the Harrison County Courthouse.
On the trial of this matter, little or no evidence was presented by Mr. Ruiz in connection with the alleged misrepresentation made by James, which constituted the gravamen of the complaint outlined in his reconventional demand. Practically his entire efforts were directed toward retaining the $2,950.00 deposit made by the appellees. His testimony in connection with his right to these funds is contradictory. In one instance he stated that the $2,950.00 originally deposited in connection with the Sherman Avenue property would be credited on the purchase price of the premises designated as 793 St. Louis Street, Pass Christian, Mississippi, which the appellees had agreed to purchase from its owner, W. E. Morgan. This agreement to purchase was conditioned upon the purchasers’ release from the Sherman Avenue contract and the return of, or credit for, their deposit.
In other words, the deposit made in connection with the Sherman Avenue contract would be applied or credited toward the purchase price of the St. Louis Street property. The record reflects that the funds were neither returned nor credited and were still in the possession of Mr. Ruiz.
Later, Mr. Ruiz testifies that the sum of $2,950.00 was to be retained by him in consideration of his permitting the owner to sell the St. Louis Street property to the ap-pellees, he waiving any rights granted under the option held by him on this property.
In reviewing the evidence adduced below, it is significant to note the record contains no proof that plaintiffs were aware of the option Morgan granted to Ruiz when the act of sale was passed. Further, there is no testimony from the purported vendor of the Sherman Avenue property, Andrew Mourginnis, to the effect that title thereto was ever tendered to the plaintiffs.
Defendants submit the trial court erred in failing to read all documents pertaining to both Mississippi transactions as one continuing contract quo ad the deposit. They contend the deposit of $2,950.00 should be retained by them as consideration for releasing the option rights Ruiz held on the St. Louis Street property, thus permitting plaintiffs to buy at a substantially lower price. Without citing authorities, defendants characterize Ruiz and Mourginnis as third party beneficiaries of the offer and acceptance, dated July 29th between Morgan and the plaintiffs.
In the instant case, we are concerned with rights of the respective litigants flowing from a Mississippi contract. This was the state where it was entered into and where the parties contemplated it was to be performed. Thus, while our jurisprudence controls any question of adjective law, we must turn to Mississippi authorities on the substantive rights of the parties.[1]
Thus, we must determine whether the Mississippi jurisprudence supports defendants’ contention, based in large measure on the testimony of John Ruiz to the effect that both contracts are related. This parol evidence is inadmissible to vary the *214 terms of two separate written agreements unambiguous on their face. In Chipman v. Lollar, D.C., 304 F.Supp. 440, the court restated this principle of contract law as follows:
“In measuring the rights of parties to a written contract or conveyance, which, on its face, is unambiguous and expresses an agreement complete in all of its essential terms, the writing will control. Fuqua v. Mills, 1954, 221 Miss. 436, 73 So.2d 113; * * *.”
Applying this rule to the instant case, we note the Sherman Avenue agreement specified the 10% deposit toward the purchase price belonged to the seller in the event of a breach. The contract states no agent’s commission is to be paid, and Ruiz, by his own admission, is not a licensed realtor in Mississippi. Thus, apparently Ruiz is a stakeholder in this transaction and has no right to retain the proceeds as owner or agent.
Defendants’ contention that the St. Louis Street property agreement is interrelated with the Sherman Avenue contract is without merit. Plaintiffs’ stipulation that they are executing the document “ * * * subject to our getting a full release and credit in the amount of $2,950.00 off from the house we purchased on No. 14 Sherman Avenue” is of no significance in the Sherman Avenue contract for these reasons: (1) Mourginnis is not a party to the second agreement and (2) there is no evidence he knew of its existence. Therefore, it must be concluded that he could not have waived his rights under the first contract in consideration of a subsequent agreement of whose existence he was not aware.
It is true that Ruiz held an option to purchase from Morgan, executed on the same date Ruiz obtained plaintiffs’ offer to purchase the same property from Morgan. However, there is no evidentiary basis for concluding that appellees had knowledge of the existence of the option agreement between the owner and Ruiz at the time they entered into the act of sale, particularly since the option was not filed of record until the following day. Parenthetically, we note it is not likely that Ruiz would willingly relinquish a profit of $5,000.00, which he would derive from his option rights in return for plaintiffs’ acquiescence in his retaining the $2,950.00 he received in connection with the Sherman Avenue negotiations.
We can only observe Ruiz’s lack of diligence in immediately recording his option has caused the forfeiture of certain rights thereunder.
Turning to the reconventional demand by Mourginnis, we note that while he seeks to retain a deposit of $2,950.00, only $2,450.00 constituted the deposit on the purchase price, the balance of $500.00 being advanced by the purchasers for repairs to the premises. Obviously, this re-conventional demand was abandoned because the reconvenor failed to appear for trial, nor was any evidence tendered in support of his demand. It therefore follows that Mourginnis failed to establish that the appellees breached their agreement to purchase under the laws of the State of Mississippi, and that as a result, he is entitled to a forfeiture of the deposit.
The trial court correctly dismissed this reconventional demand. It is difficult for us to understand why a suspensive appeal was lodged on behalf of this claimant when he failed to prosecute his claim in the lower court. This may also account for his failure to furnish the appropriate bond in connection with the appeal. We therefore conclude this reconventional demand was properly dismissed.
After reviewing all of the evidence, documentary and testimonial, we are of the opinion that it amply preponderates in favor of the conclusions of the able trial judge, and the judgment of the lower court is affirmed.
Affirmed.

. Heine v. Mechanics’ & Traders’ Ins. Co., 45 La.Ann. 770, 13 So. 1 (1893) ; Stanton v. Harvey, 44 La.Ann. 511, 10 So. 778 (1892) ; 38 T.L.R. 726, 732.