249 So.2d 317 (1971)
Michael A. FAIA, Jr.
v.
Clarence LANDRY.
MOTORS INSURANCE CORPORATION
v.
Clarence LANDRY.
Nos. 4447, 4448.
Court of Appeal of Louisiana, Fourth Circuit.
June 7, 1971.
*318 Donald P. Schwarz, Metairie, for Motors Ins. Corp., plaintiff-appellant, and Mrs. Louise Bernard, third party defendant and appellee.
Noble & Duplechin, William H. Slaughter, III, New Orleans, for Michael A. Faia, Jr., plaintiff and appellant.
Alvin Rudy Eason, Metairie, for Clarence Landry, defendant-appellee.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, R. Henry Sarpy, Jr., New Orleans, for The Phoenix of Hartford Ins. Co., third party defendant and appellee.
Campoy, Hurley & Senter, David C. Vosbein, New Orleans, for The United States Fidelity and Guaranty Co., third party defendant-appellee.
Before REGAN, CHASEZ and BOUTALL, JJ.
BOUTALL, Judge.
This appeal concerns two consolidated cases, arising out of a collision between two automobiles. The accident which gave rise to this litigation occurred on July 13, 1969, at approximately 5:10 P.M. in a residential area of Jefferson Parish. Robert L. Landry, the 8½ year old minor child of Clarence Landry, while away from his parents' home, gained entry into Mrs. Louise Bernard's automobile which was parked in the front of the Bernard residence, located at 1116 North Starrett Road, started the engine by apparently turning the ignition switch which was not in a locked position, drove the vehicle a distance in excess of three blocks which necessitated his negotiating at least two turns, and collided with the vehicle owned by Michael A. *319 Faia, Jr., which was parked in front of his residence at 1125 N. Sibley Street, Metairie, Louisiana. As a result of this accident, two law suits were filed.
The first law suit was brought by Michael A. Faia, Jr. against Clarence Landry, father of the minor Robert Landry, under LSA-C.C. arts. 2317, 2318, for $531.07, the amount of property damage done to the Faia vehicle. Clarence Landry filed an answer and third party demand against his homeowner insurer, the Phoenix of Hartford Insurance Company, and the United States Fidelity & Guaranty Company, his garage liability insurer. The Phoenix of Hartford Insurance Company filed an answer to the original demand and an answer to the third party demand denying liability. An answer was filed by the United States Fidelity & Guaranty Company to the third party demand also denying liability.
The second suit is a subrogation suit brought by Motors Insurance Corporation, the collision insurer of Mrs. Louise Bernard, for the property damage sustained by the Bernard vehicle. Clarence Landry filed an answer and third party demand against the Phoenix of Hartford Insurance Company, his homeowner insurer, the United States Fidelity & Guaranty Company, his garage liability insurer, and Mrs. Louise Bernard. The Phoenix of Hartford Insurance Company filed an answer to the original demand as well as the third party demand. United States Fidelity & Guaranty Company and Mrs. Louise Bernard filed answers to the third party demands.
By motion of counsel, the cases were consolidated and heard together in the First Parish Court of Jefferson.
All counsel involved in both suits entered into a stipulation of the facts and no witnesses were called to testify. The trial court judge, after considering the pleadings, the law and the stipulation, rendered judgment in favor of defendant, Clarence Landry, and against plaintiffs, Michael A. Faia, Jr. and Motors Insurance Corporation, dismissing plaintiffs' suits at plaintiffs' costs. The third party demands of Clarence Landry against the third party defendants, were dismissed at plaintiffs' costs.
One of the third party defendants has argued to us on this appeal that there is an apparent error in the third party judgments in that in each individual decree the court dismisses the third party demands but that the judgments recite they are rendered in favor of third party plaintiff. However, third party plaintiff has taken no appeal from the judgments and they have now become final. The matter is not now properly before us, but in any event it is harmless error, the decretal portion being quite clear. LSA-C.C.P. art. 2133.
The main issue of these appeals is the ruling of the trial judge as to the capability of the minor child to be held responsible for his negligent or tortious acts. In his reasons for judgment the trial judge states:
"While the Court has not found any case, as it relates to the specific question of negligence, dealing with a minor 8½ years of age, there is a great deal of jurisprudence dealing with the question of negligence of children of tender ages.
In view of the conclusion reached by our Appellate Courts, the Court concludes that this minor was incapable of being negligent. In addition, since the minor was incapable of being negligent, his father cannot be held responsible for the damages which he caused."
The substantive result of the trial court's judgment is that, as a matter of law, a child of 8 and ½ years of age is incapable of negligence. The jurisprudence of this state has made no such blanket pronouncement. Our courts have stated that children of the tender age of 7 and younger are not capable, from a legal standpoint, of being charged with negligence; and conversely, minors from the age of ten and older are and have been held accountable *320 for their tortious actions. However, there appears to exist a "twilight zone" which encompasses minors between the ages from 7 to 10 years of age. If any generalization is to be made, it is that our courts recognize the necessity of distinguishing between the capacity of a minor to be guilty of negligence at all and the standard of care required of the minor. Once it has been decided that the particular child is, or can be found to be, capable of some legal degree of care, short of the adult standard, the courts are in substantial agreement as to the standard of care to be applied. While a wide variety of language has been used in stating the standard, the variant phraseology seems to condense in a rule that the standard the child is required to meet is that which can reasonably be expected of the "ordinary" child of like age, intellectual and physical development, and education or similar experience under the same or similar circumstances. Jenkins v. Firemen's Insurance Co. of Newark, N. J., 83 So.2d 494 (La.App. 2nd Cir. 1955); writ denied, 1956.
Obviously then, this is a factual determination which must be made in light of the circumstances and facts of each given case. It is therefore encumbent upon plaintiffs to show to a degree of certainty by a preponderance of the evidence that the child was capable of being negligent as well as showing that the child was in fact negligent.
Counsel for plaintiff has cited numerous cases to us.[1] In addition, we have examined many others. We can only conclude that each case involving children of tender years must be considered upon its peculiar factual situation.
In each of these cited cases, the court was presented with sufficient testimony and/or witnesses from which to make a valid evaluation of the particular minor's capabilities or incapabilities and his appreciation or gross disregard of his safety in the face of known, perceived and understood dangers. A review of the record in the instant case does not disclose anything more than that the minor Landry was 8½ years of age. As this fact was stipulated and no witnesses were called, the trial judge was not afforded an opportunity to examine the youth. In affirming the lower court's decision, the Third Circuit Court of Appeal, in Ates v. State Farm Mutual Automobile Insurance Company, 191 So.2d 332 (La.App. 3d Cir. 1966) said:
"Defendant also contends the lower court committed error in holding that, as a matter of law, a nine and a half year old child is incapable of contributory negligence. We certainly agree that in exceptional circumstances a child of nine and a half years is capable of negligence and may therefore be barred from recovery. In the recent case of Cormier v. Sinegal, La.App. 3 Cir., 1965, 180 So.2d 567, we held that the test to be applied to determine the contributory negligence of small children is `a gross disregard of one's safety in the face of known, perceived and understood dangers.'"
The Ates case, supra, presented no evidence to demonstrate the minor's "gross disregard of one's safety in the face of known, perceived and understood dangers". Certainly in the instant case the record does not bear out the allegation that Robert Landry was negligent under this standard of care. For that matter, as aforementioned, *321 the record contains nothing to indicate the physical or mental prowess or inability of the minor herein involved.
In today's mobile-oriented society, where children of tender ages are constantly confronted with adults operating vehicles, it is certainly to be expected that minors will, on occasion, imitate drivers sitting behind the steering wheel of an automobile. There is no doubt that Robert Landry has, many times, seen his parents and other adults start cars and drive away in complete safety. In so aping this conduct it cannot be said that Robert Landry acted in gross disregard of the dangers apparent in his actions.
Under the stipulation presented, we can only speculate as to the capabilities of the child. While it may have taken some effort to enter the vehicle, that act is not the cause of the damage. It is the getting of the vehicle underway which precipitated the result. We can no more speculate that this child was capable of deliberately getting the car underway than we can conclude that he accidentally turned on the ignition and the automobile began moving because it was in gear. We are not informed as to the method of starting the engine or shifting the gears in this particular automobile nor are we informed as to the child's familiarity with the operation of a motor vehicle or how to stop one. There are any number of hypotheses which arise out of the facts stipulated, any one of which is equally as plausible as the other.
Since the trial judge in this case was faced with making a determination as to whether Robert Landry was negligent solely on the basis of the agreed stipulation, he was not able to take the intelligence and mental capacity of the child into consideration. As the plaintiffs have therefore failed to carry the burden of showing the child's capability for negligence, we must conclude that the trial judge was not in error in these given circumstances.
The plaintiffs argue to us, in the alternative, that the child's father, Clarence Landry, was negligent in failing to provide adequate supervision and guidance for his minor child. The record is absolutely devoid of any basis for such an argument. The only possible basis for holding the father liable is the action of the child, under the provisions of LSA-C.C. arts. 2317 and 2318. Article 2317 provides:
"We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications."
Article 2318 states:
"The father, or after his decease, the mother, are responsible for the damage occasioned by their minor or unemancipated children, residing with them, or placed by them under the care of other persons, reserving to them recourse against those persons.
The same responsibility attaches to the tutors of minors."
While neither of the articles of the Civil Code use the word "fault" or "negligence", these articles are included in the chapter of the Civil Code which deals with "offenses and quasi-offenses". These two articles must be considered with Article 237 of the Civil Code, "which provides that `Fathers and mothers are answerable for the offenses or quasi-offenses committed by their children, in the cases prescribed under the title: Of Quasi-Contracts, and of Offenses and Quasi-Offenses.' Gott v. Scott, 199 So. 460 (La.App. 2nd Cir. 1941)." Lumbermens Mutual Casualty Company v. Quincy Mutual Fire Insurance Company, 220 So.2d 104 (La.App. 3rd Cir. 1969). See also: Johnson v. Butterworth, 180 La. 586, 157 So. 121 (1934).
After considering these articles of the Code, we must conclude that Articles *322 2317 and 2318 impose liability on the parent for the damage occasioned by the offenses or quasi-offenses of his minor child, only when fault or negligence is established. We have not found negligence on the part of the child herein and we cannot find his father liable.
The judgment of the lower court dismissing plaintiffs' suits is affirmed.
Affirmed.
NOTES
[1] Cook v. Louisiana & N. W. R. Co., 130 La. 917, 58 So. 767 (1912); Downey v. Baton Rouge Electric & Gas Co., 122 La. 481, 47 So. 837 (1908); Lynch v. Knoop, 118 La. 611, 43 So. 252 (1907); Brown v. City of Alexandria, 225 So.2d 157 (La. App. 3rd Cir. 1969); Curry v. FruinColnon Contracting Co., 202 So.2d 345 (La.App. 1st Cir. 1967); Tate v. Hill, 197 So.2d 107 (La.App. 1st Cir. 1967); Danna v. London Guarantee & Accident Company, 147 So.2d 739 (La.App. 2nd Cir. 1962); Gaspard v. Grain Dealers Mut. Ins. Co., 131 So.2d 831 (La.App. 3rd Cir. 1961); Stamps v. Henderson, 25 So.2d 305 (La.App. 2nd Cir. 1946); Kahn v. Shreveport Railways Co., 161 So. 636 (La.App. 2nd Cir. 1935).