LOTTINGER, Judge.
This is an action for damages sustained in an accident between an automobile and' a bicycle on which petitioner’s minor son was riding. The defendants are Francis S. Muffoletto and his aunt, Grace Uzzo, whose-car Muffoletto was driving at the time of the accident. The Lower Court gave judgment for defendants, and dismissed petitioner’s suit. The petitioner has appealed.
The facts show that on July 2, 1952,. Odell Veillon, the minor son of Webb-Veillon, was riding a bicycle in a southerly-direction on Louisiana Highway No. 26,. just South of the community of Pine Prairie, Louisiana, situated in Evangeline-Parish, at approximately 6 :00 o’clock in the-afternoon. The weather was clear and the sun was shining at the time. At the same time, defendant, Francis Muffoletto, was. driving an automobile, owned by Grace-Uzzo, in a southerly direction on Highway-No. 26. The vehicles collided resulting in-painful injuries to the leg of young Veillon.
The petitioner contends that the automobile, driven by defendant, was traveling at an excessive rate of speed, and ran into-the rear of the bicycle. They contend that the accident, and the resulting injuries, were caused solely by the negligence of the driver of the automobile. The defendants, on the other hand, contend that the accident was a result of young Veillon negligently attempting to make a left turn directly into the approaching automobile, without giving a left turn signal, and in failing to see the oncoming automobile. The defendants negative any negligence on the part of defendant, contend that the accident resulted solely from the negligence of young Veil-lon, and further allege in the alternative the contributory negligence of young Veillon.
*119 The record discloses that young Veillon was fourteen years of age at the time of the tragedy, and was of above average intelligence. The highway was of the normal eighteen feet in width, was blacktopped and had a white line running down its center. The site of the accident was just south of a slight curve, however, all witnesses testified that the view in either direction was very good, and that there were no obstructions to the view of the parties nor any other vehicular traffic on the highway at the time.
The petitioner introduced two young friends of young Veillon as eye witnesses to the accident. At the time of the impact, these young gentlemen were walking on the eastern, or left hand, side of the highway in the direction of Pine Prairie. They were, therefore, walking towards the approaching car and bicycle. Both of these witnesses testified that they saw the car and bicycle prior to the collision. They testified that the car was proceeding at a speed of about SO miles per hour. The bicycle was proceeding towards them on its right side of the highway, and was just a foot or two on the black topped part of the highway. One of the boys placed the position of the car near the center stripe of the highway, but in its right hand lane. The other boy said that the car was straddling the center stripe but was more to its right than left. Neither of these boys heard a horn blown by the car, however, they were not listening for any. They both testified that young Veillon attempted to turn to his left, apparently to cross the highway and converse with them. Upon noticing the impending tragedy, one of the boys hollered to young Veillon to look out. Veillon then attempted to turn back to his right, but was struck by the automobile. Neither of the boys heard any screeching of brakes. One of them testified that the car came to rest at a distance of about 150 feet from the point of impact; the other estimated the said distance at about 75 feet. Both of these boys were about the same age as young Veillon and were buddies of his. Each of these young men testified that if Veillon had not attempted to cross the highway, the accident would not have happened. They both stated that Veillon gave no signal of his intention to turn.
The defendant, 'Muffoletto, and a passenger in his car, Mr. Uzzo, a brother of Grace Uzzo, were eye witnesses testifying for the defense. They testified that the car was proceeding at a speed of about 40 miles per hour shortly prior to the accident. Upon noticing the boy on the bicycle, the driver of the car slowed down to about 20 miles per hour and sounded his horn. As the boy on the bicycle gave no indication of his hearing the horn, Muffoletto sounded the horn a second time, whereupon young Veillon turned slightly to his right. The car pulled to the left to pass the bicycle, and was about four feet to the north or rear of the bicycle when young Veillon suddenly, and without warning, swerved left and struck the car on its right front fender. They both claim that the handle-bars of the bicycle struck the fender of the car, and that the body of young Veillon struck the right door of the car. The car proceeded about two lengths of the car before coming to a stop. They got out of the car and picked up young Veillon at about two feet from the right, or west, edge of the black-top.
A garage mechanic, testifying for defendant, stated that he examined the car following the accident. He found the right front fender to have been dented and the headlight damaged. The dent to the fender was from a blow from the side and not the front. He further found the right door to have been dented, and the extreme right rear to have been damaged. The chrome shield around the front right headlight was missing, but he stated that this was probably shaken loose by the blow to the side of the fender. Veillon’s father found a headlight rim at the scene of the accident, the following day, which was possibly the rim from the automobile involved.
There are certain portions of the testimony which we believe are worthy of note. Young Veillon testified that he did look to the rear before turning, but that he did not *120 see the automobile approaching. His evidence, and the testimony of the other witnesses, show that the view was clear for a great distance, and we feel certain that if he did look he would have seen the approaching car. Furthermore, young Veil-lon testified that he did not give a signal for a turn, and he testified that he did turn left and was about thereé feet from the center line when his friend hollered “look out.” Upon hearing his friend’s warning he whipped his bike over to his right hand side when he was struck.
The Lower Court found as follows:
“The testimony in this action of witnesses for both plaintiff and defendants leads the Court very clearly to the conclusion that the sole and proximate cause of the accident was the left turn made by the bicyclist, Odell Veillon, without any warning whatsoever, into the path of the automobile. L.S.A.R.S. 32:235 requires the driver of any vehicle to signal before making a turn; Odell Veillon by his own admission, did not comply with this requirement. It should be noted that this requirement applies to ‘any bicycle’ and is not restricted to motor driven vehicles. Fuller v. Buckner, (La.App.), 38 So.2d 422.
“This action does not fall under the rule announced in Bosarge et ux. v. Spiess & Co. (La.App.) 145 So. 21 and Lambert v. Cire (La.App.) 179 So. 112 as is contended by counsel for plaintiff. It is true that in those cases the Court held that failure of the bicyclist to signal an intention to swerve to the left did not constitute negligence; however, those cases are restricted to their facts, those facts being that there was a stopped automobile ahead of the bicycle, and the decisions were based on the premise that an automobile driver trailing a bicycle rider should anticipate a swerve to the left when there is an obstacle immediate ahead in the right lane of traffic. The case at bar falls under the rule of Cantrell et al. v. H. G. Hill Stores, Inc. (La.App.) 193 So. 389. In that case, as in the one before this Court, the highway was perfectly clear and there was nothing to indicate to the automobile driver that the bicyclist may. swerve to the left.
“Further, there is conclusive evidence that the speed of the defendants’ automobile was not excessive; the plaintiff has failed to show a breach of duty on the part of the driver of the automobile. The cause of this unfortunate accident may be arrived at by noticing the testimony of the injured boy. Odell Veillon testified that he did not see the automobile coming and admitted that he swerved to the left. Even conceding that he made an attempt to turn back to the right after being warned of the approaching vehicle, the danger had already been created. This is the type of negligent act which happens daily and does not appear terribly irrational for a young bicyclist. But the facts remain that this act caused the accident and a totally innocent automobile driver should not be taxed with the burdens resulting therefrom. The sympathies are abounding in favor of the plaintiff in this cause, but the law and the evidence do not establish negligence on the part of the defendants.”
We are unable to find any error in the decision of the Lower Court. The preponderance of the evidence relieves the defendant of any negligence. The facts show that he slowed his speed and pulled into the center of the highway. They further show that young Veillon suddenly, without warning, and without looking to see if the way was clear, made a turn directly into the path of the approaching car, and that he struck the car on its right front fender all contrary to LSA-R.S. 32:235 and 236. LSA-R.S. 32:235, subd. A provides as follows:
“The driver of any vehicle on the highways of this state shall ascertain, before turning around upon any highway, that there is no traffic, vehicular or pedestrian, approaching from either *121 direction which will be unduly delayed and shall yield right-of-way to such approaching traffic and shall not attempt to make a turn unless the way is clear.”
LSA-R.S. 32:236 subd. A provides as follows :
“The driver of any vehicle upon a highway of this state, before starting, stopping or turning from a direct line shall first see that such movement can be made in safety * *
Assuming that there was some negligence on the part of Muffoletto, which we are unable to find, young Veillon was clearly guilty of contributory negligence.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by petitioner.
Judgment affirmed.