180 So.2d 567 (1965)
Ernest A. CORMIER, Plaintiff-Appellant,
v.
Andrew SINEGAL, Defendant-Appellee.
No. 1552.
Court of Appeal of Louisiana, Third Circuit.
November 30, 1965.
*568 Harold L. Savoie, Lafayette, for plaintiff-appellant.
Charles Finley, Lafayette, for defendant-appellee.
Before TATE, HOOD, and CULPEPPER, JJ.
TATE, Judge.
During daylight hours one June evening, an automobile driven by Andrew Sinegal struck a bicyclist, James Donald Cormier, age 12. This is a suit by young Cormier's father against Sinegal to recover for the boy's serious personal injuries thereby occasioned.
The trial court dismissed the plaintiff father's suit, and he appeals. Under our view of the facts, the dismissal must be affirmed because the Cormier boy's contributory negligence bars recovery on his behalf.
Prior to the accident, both the motorist Sinegal and the bicyclist young Cormier were proceeding south on a two-lane blacktop country highway. The accident occurred when young Cormier turned left to cross the highway to go to his home. At that time, the defendant Sinegal had moved into his left (east) lane, in the process of overtaking and passing the young bicyclist.
The impact occurred entirely in the left (east) lane of the highway. The bicycle had crossed the center line of the highway in a left turn from its right (southbound) lane, when it was struck by the right front of the Sinegal vehicle.
The skidmarks made by this latter vehicle were entirely in its left (east) or passing lane. They commenced before the impact and continued on afterwards. The total length of these skidmarks showed that the Sinegal vehicle had been brought to a stop within 100 feet from the time the brakes were first applied.
The defendant Sinegal testified that he had slowed his speed of 55-60 mph somewhat *569 when he first saw the young bicyclist some two blocks ahead; that he had drawn entirely into his left lane to pass and then the young bicyclist turned left into his path in the passing lane; and that he, Sinegal, had immediately applied his brakes but was unable to avoid the collision.
The physical facts are consistent with Sinegal's version of the accident, and they tend to negative some testimony offered on behalf of the plaintiff to the effect that Sinegal was approaching at a greater speed and that he was a greater distance behind young Cormier when the latter commenced his turn. In these respects, we find no error in the trial court's having accepted Sinegal's version of the accident over that to which the plaintiff's witnesses testified.
The chief other conflict of the testimony concerns whether or not young Cormier gave any prior signal before he turned. Sinegal said he turned left suddenly without warning. Young Cormier and his witnesses testified that he hand-waved his left turn intention about fifty feet before he turned; on cross-examination, however, the two of the plaintiff's witnesses who (in addition to the boy) so testified admitted that the hand-wave was simultaneous with the turn. Tr. 78, 88.
As to young Cormier's observation for traffic before he turned, at one point the boy stated he glanced back before turning across the center line and that the Sinegal vehicle was still in the southbound lane, about one hundred feet behind him. Tr. 102. Other portions of his testimony seem to be to the effect that he "didn't notice" whether the following vehicle had changed lanes before he commenced his turn, and that he "didn't look directly behind" himself before he turned. Tr. 101.
Considering the evidence as a whole, we think it proves that young Cormier turned his bicycle suddenly and without prior signal into the immediate path of the Sinegal vehicle, which had previously drawn into the passing lane to overtake and pass the young bicyclist, and that the defendant Sinegal immediately applied his brakes but was unable to avoid striking Cormier's bicycle just after it had turned left across the center line into Sinegal's path.
Assuming (without so deciding) that the defendant Sinegal was negligent in his continued approach towards the young bicyclist without sounding his horn and without further slackening of his speed, in view of the high duty of care owed to children (Guillory v. Horecky, 185 La. 21, 168 So. 481; Albert v. Munch, 141 La. 686, 75 So. 513, L.R.A.1918A, 240; Burnaman v. La.Prairie, La.App. 3 Cir., 140 So.2d 710), we nevertheless conclude that recovery for young Cormier's personal injuries is barred by his own contributory negligence.
This young bicyclist was 12 years of age. Although a child of twelve is not held to the same standard of self-care as an adult, he is nevertheless capable of contributory negligence. Plauche v. Consolidated Companies, 235 La. 692, 105 So.2d 269; Biggs v. Verbois, La.App. 1 Cir., 151 So.2d 172; Juhas v. American Casualty Co., La. App. 4 Cir., 140 So.2d 676; Lawrence v. Core, La.App. 3 Cir., 132 So.2d 82. In evaluating whether the child's conduct constitutes contributory negligence, the child is required to exercise only the care expected of his age, intelligence, and experience under the particular circumstances presented to him; in this respect, the obviousness or not of the danger to one of the child's years, experience, and intelligence is taken into consideration. Plauche v. Consolidated Companies, supra; Danna v. London Guarantee & Accident Co., La.App. 2 Cir., 147 So.2d 739, 742; Juhas v. American Cas. Co., supra, and decisions therein cited.
With regard to the present facts, we think that a normal 12-year-old boy such as young Cormier surely knew of the danger involved in turning suddenly left across the highway into the path of an approaching vehicle without having made adequate signal or adequate observation for such overtaking *570 traffic known to be in the rear. Young Cormier's left turn under these circumstances thus meets the tests of contributory negligence for such a youngstera "gross disregard of one's safety in the face of known, perceived and understood dangers", Danna v. London Guarantee & Accident Co., cited above, at 147 So.2d 742; an intentional exposure to "obvious danger in connection with non-technical and ordinary objects and situations" within the capacity of the child of that age "to appreciate and realize", Juhas v. American Casualty Co., cited above, at 140 So.2d 679. See also Veillon v. Muffoletto, La.App. 1 Cir., 77 So.2d 118.
In contending that the young bicyclist was not contributorily negligent, the plaintiff chiefly relies upon the holdings in Fontenot v. Wood, La.App. 3 Cir., 140 So.2d 34, and Bosarge v. Spiess & Co., La.App.Orl., 145 So. 21. However, these cases concern facts distinguishable from the present.
In Fontenot, it was specifically held that the young bicyclist had not turned left across the overtaking motorist's path but that the latter had struck the boy from the rear. In Bosarge, the ten-year-old bicyclist was exculpated from contributory negligence when struck by an overtaking vehicle upon a holding that he was entitled to swerve slightly leftward to avoid a parked car, because he could reasonably assume that any vehicle to his own rear would not be so close in view of the obvious necessity to its driver that the bicyclist need veer when he did. Neither of the young bicyclists in the cited decisions heedlessly exposed himself to a known, perceived and understood danger in gross disregard of his own safety, as did young Cormier in the present case.
For the reasons assigned, therefore, we hold that recovery on behalf of young Cormier is barred by his contributory negligence. Accordingly, we affirm the trial court's dismissal of this suit. The plaintiff-appellant is to pay the costs of this appeal.
Affirmed.