191 So.2d 332 (1966)
David ATES, Individually and On Behalf of Nathan Samuel Ates, Plaintiff-Appellee,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellant.
No. 1823.
Court of Appeal of Louisiana, Third Circuit.
October 20, 1966.
Rehearing Denied November 16, 1966.
*333 Cunningham & Cunningham, by W. Peyton Cunningham, Jr., Natchitoches, for defendant-appellant.
Gahagan & Gahagan, by Marvin F. Gahagan, Natchitoches, for plaintiff-appellee.
Before FRUGE, SAVOY and CULPEPPER, JJ.
FRUGÉ, Judge.
Plaintiff filed suit in his own behalf and on behalf of his minor son for damages resulting from a collision between an automobile driven by defendant's insured, Mrs. Paul Frye, and a bicycle ridden by plaintiff's nine year old son, Nathan Ates.
The accident occurred on June 17, 1965, about 1:00 o'clock P.M. while Nathan Ates was riding his bicycle on the shoulder of Highway 1 North within the city limits of Natchitoches, Louisiana. Mrs. Frye was driving a 1965 Comet station wagon and her husband, Paul Frye, was a passenger in the front seat. As the station wagon approached a gentle hill, the Fryes observed a small boy riding a bicycle on the righthand shoulder of the highway. The boy on the bicycle was proceeding south, toward the City of Natchitoches, and the Frye vehicle was overtaking him from the rear. Mrs. Frye testified that the bicycle was weaving slightly on the gravel shoulder of the road and that immediately upon observing the youth pedaling along the edge of the pavement, she reduced her speed of 40 miles an hour to approximately 25 to 30 miles an hour, and twice sounded her horn. She further testified that as her station wagon neared the boy on the bicycle, she *334 began accelerating gradually and that upon reaching the crest of the hill the bicycle swerved once to the right and then to the left, into the southbound lane directly in front of her oncoming car at a distance of 20 to 30 feet. Mrs. Frye applied her brakes and skidded some sixty feet past the point of impact. Road conditions were dry and visibility good at the time of the accident.
The bicycle was destroyed in the collision and the Ates child was hospitalized for a broken leg and multiple abrasions. For these injuries and expenses the trial court awarded the plaintiff $1,431.60 on his behalf, and $3,594.90 on behalf of his minor son. The defendant insurance company has appealed, contending that the trial judge erred in finding Mrs. Frye negligent, in holding that the Ates child was incapable of contributory negligence, and in holding that Mrs. Frye's negligence was the proximate cause of the accident.
The jurisprudence of this state places the highest duty of care upon persons operating automobiles on the public streets and highways in the vicinity of small children. See Haywood v. Fidelity Mutual Insurance Company, La.App. 1 Cir., 1950, 47 So.2d 59; Stamps v. Henderson, La.App. 2 Cir., 1946, 25 So.2d 305; Cormier v. Sinegal, 180 So.2d 567, La.App. 3 Cir., 1965, and authorities cited therein. This burden is not discharged by merely blowing a horn in warning or reducing one's speed below the maximum limit. A motorist encountering children upon the roadside must anticipate that the very young are possessed of but limited judgment and that their actions are likely to be sudden, unpredictable and often foolish. The trial judge found that Mrs. Frye had failed to exercise the necessary degree of care because she failed to have her vehicle under proper control and because she accelerated her automobile when she neared the young bicycle-rider zigzagging on the gravel shoulder of the highway. We think that the court's finding of negligence is amply supported by the 60-odd feet of skid marks left by Mrs. Frye's station wagon after its collision with the bicycle. The length of these marks is mute testimony of Mrs. Frye's lack of control over her vehicle and her failure to appreciate the obvious danger implicit in the plaintiff's situation. We find no manifest error in the finding of negligence on the part of defendant's insured, Mrs. Frye.
Defendant also contends the lower court committed error in holding that, as a matter of law, a nine and a half year old child is incapable of contributory negligence. We certainly agree that in exceptional circumstances a child of nine and a half years is capable of negligence and may therefore be barred from recovery. In the recent case of Cormier v. Sinegal, La.App. 3 Cir., 1965, 180 So.2d 567, we held that the test to be applied to determine the contributory negligence of small children is "a gross disregard of one's safety in the face of known, perceived and understood dangers."
However, in applying this test to the facts at hand, it is apparent that the young Ates boy is not guilty of such contributory negligence as would defeat his recovery since there is no evidence to indicate that the child intentionally swerved into the path of the Frye's station wagon or that he even knew that the Frye's automobile was approaching him from the rear. Rather, a reading of the record as a whole seems to indicate that the boy's sudden swerve to the left was caused by a combination of the bicycle's loss of momentum in ascending the incline and the gravel surface of the shoulder on which the boy was riding. With the benefit of hindsight, it is easy to say that the actions of the Ates child were unwise and even foolhardy. But to a nine year old child from a rural *335 parish, riding a bicycle along the shoulder of a highway is an everyday affair, involving no greater risk than a hundred other pursuits in which children are constantly engaged. We are not convinced that a child characterized by the trial judge as an "immature nine year old" knew or understood the potential danger of the most ordinary developments of the day in question. The cases cited by defendant in which children were held to be contributorily negligent are inapplicable for they involve situations in which the child was obviously aware of the approaching automobile and, despite this knowledge, veered into the path of the vehicle. Cormier v. Sinegal, supra; Cantrell v. H. G. Hill Stores, La.App.Orl., 1940, 193 So. 389; Veillon v. Muffoletto, La.App. 1 Cir., 1954, 77 So.2d 118.
The defendant's third contention that the action of the child was the proximate cause of the accident rather than Mrs. Frye's negligence, is also without merit, for the duty of a motorist in Mrs. Frye's situation includes the risk of sudden and unpredictable action by children observed by the motorist and situated in a position of potential danger. Dixie Drive It Yourself System, etc., v. American Beverage Co., 242 La. 471, 137 So.2d 298; McDonald, Proximate Cause in Louisiana, 16 La.L.Rev. 391; Dartez v. City of Sulphur (La.App. 3 Cir., 1965), 179 So.2d 482, and authorities cited therein. A motorist on today's crowded highways cannot ignore the threat of obvious harm to another and escape with impunity when the promise of damage is fulfilled.
For reasons assigned, the judgment of the district court is affirmed at appellant's cost.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.