201 So.2d 201 (1967)
Juliaette Harris WHITE, wife of/and James White
v.
HANOVER INSURANCE COMPANY et al.
No. 7084.
Court of Appeal of Louisiana, First Circuit.
June 30, 1967.
*202 Philip E. Henderson of O'Neal & Waitz, Houma, for appellant.
Thomas J. Wyllie of Adams & Reese, New Orleans, Kenneth Watkins of Watkins & Watkins, Frank Wurzlow of Ellender, Wright & Wurzlow, Houma, for appellees.
Before LOTTINGER, SARTAIN and REID, JJ.
LOTTINGER, Judge.
This is a suit for damages ex delicto, arising when the minor child of petitioners was struck and killed by a sugar cane truck. The defendants are Theodore P. Brown, the driver of the truck at the time of the accident, Hanover Insurance Company, the liability insurer of the truck, Herbert Cox, the owner of the truck, Earl Antill, Sr. and James Antill, alleged joint venturers and partners of Herbert Cox, and Harrison Gill, an alleged employer of defendant Theodore Brown at the time of the accident. The Lower Court awarded judgment in favor of defendants and dismissed petitioner's suit, whereupon petitioner has taken this appeal.
In its petition, the petitioners seek damages, ex delicto, for the death of their minor son, Aaron Dale White. They alleged that their said son was struck and killed by a sugar cane truck negligently operated at the time by the defendant, Theodore P. Brown. The scene of the accident was along a field road a short distance outside of the city of Houma, in the Parish of Terrebonne, Louisiana. The road is of asphalt construction and has a width of approximately eighteen feet. The accident occurred somewhere in the neighborhood of 5:00 o'clock p. m. on January 1, 1964. The weather was dry and it was still daylight. The driver of the cane truck had just hauled his last load of sugar cane to the Southdown Sugar Mill in Houma, and was proceeding home for the day when the unfortunate accident occurred.
Each of the five companions who were riding their bicycles with young White on this fatal day testified at the trial of this matter. The sum and substance of their testimony was to the effect that prior to the accident the truck had been "zig-zagging" along the highway coming in a direction toward the young bicycle riders. Upon noticing the truck "zig-zagging", the five companions of young White turned to the right and went into the ditch. It appears from the testimony of these young boys that White swerved to the left to avoid the truck which had been in its left-hand lane, and then the truck swerved back to the right and struck young White while he was in the truck's proper lane of traffic. The boys testified that the front bumper of the truck struck young White. This is odd, however, as Officer Vaughn testified that the bicycle upon which Aaron was riding was not damaged by the accident.
Theodore Brown, the driver of the cane truck, testified that he was proceeding homeward at a speed of some thirty-five miles per hour, when he noticed several young boys on bicycles on the highway at a distance of approximately four hundred feet in front of him. Upon noticing the boys, he immediately removed his foot from the accelerator to let the vehicle slacken its speed, and about this same time, the boys, who had previously been riding their bicycles along the whole width of the highway, turned to their own right-hand lane and got one behind the other in a line apparently to clear the *203 lane of travel of the oncoming cane truck. Brown testified that he had passed the leading bicycle rider and that the cab of his truck was just about opposite the second bicycle upon which the deceased was riding, when the deceased suddenly turned on a 45 angle headed toward the truck. Upon seeing the young boy turn toward the truck, Brown testified that he immediately swerved his truck to the right and entered the cane field. Brown claims that the rear left wheel of the trailer struck the boy.
Officer William Vaughn of the Louisiana State Police, who investigated the accident, testified that the boy was struck by the left rear wheels of the trailer. This determination was made by virtue of the blood stains which he found on the left rear wheel. Officer Vaughn found one hundred fifty feet of skid marks made by the truck before it left the highway and went into the cane field. His testimony indicated that there was hardly any shoulders on the highway at the scene of the accident and, at the point where the cane truck left the highway, there is what appears to be a rather deep ditch or pit, as is shown in photographs filed into evidence. The truck came to rest a short distance off the road in the cane field with its front axle torn off. This was apparently caused when it ran into the ditch or pit.
Edward Simon, who was driving in his automobile at some distance behind the cane truck prior to the accident, testified that he noticed the truck as being driven in a normal manner in its right or proper-hand lane. He did not see the truck zig-zag, as was testified by the companions of the deceased. He testified that immediately after he saw the truck leave the highway and go into the cane field, he noticed the young boys on their bicycles in the highway. Mr. Simon testified that he was the first person at the scene of the accident, and at no time did he notice the young boys on their bicycles in the ditch on their right, as was testified by the youngsters. The testimony of Mr. Simon, who stated that he was going some thirty-five or forty miles per hour prior to the accident, and that he was catching up with the cane truck, indicates that the cane truck must have been going no more than thirty-five miles per hour, as was testified by its driver.
While we have not been favored with written reasons for the decision below, it is apparent that a great question of credibility of the witnesses was presented. Russell A. Bergeron, who testified on behalf of the defendant, stated that he had been driving a cane truck with sugar cane to the Southdown mill on that same day. As a matter of fact, on the last trip he was the truck in line at the mill in front of the truck operated by Theodore Brown. He too, noticed the children on their bicycles as he drove along the highway, and he testified that they were traveling in a direction away from Houma. At the time of the accident, however, the children were driving their bicycles away from Houma. All of the children who testified stated that they had not been driving their bicycles in the direction as testified by Mr. Bergeron, and they further stated that no truck or other vehicles had passed them from the time they left Toby's house on Bayou Black until the time of the accident. The children, all of whom testified that they took the right-hand ditch when they saw the truck zig-zagging along the highway, were furthermore contradicted by witness Simon who saw the truck leave the highway and immediately thereafter noticed the boys on their bicycles on the highway.
It is apparent that the Lower Court disregarded the testimony of the companions of the deceased boy because, in its judgment the Court stated as follows:
"After observing all witnesses brought forth and carefully noting the demeanor and temperament of each and after weighing the testimony of each, the Court determined the witnesses of the defendant to be more reliable and determined that their version of the accident was substantially true. In addition, the Court further was of the opinion that the plaintiff had failed to carry any burden of proof with respect to the negligence *204 alleged to Theodore Brown, the driver of the truck involved in this incident. In addition, the Courts found that the only negligence in this matter was, in fact, the negligence of the decedent himself."
With regard to the testimony of the companions of Aaron White, such testimony is contradicted in various respects by the defendant driver, Theodore Brown, as well as by that of Russell A. Bergeron and Edward Simon, both of whom were disinterested witnesses. We therefore feel, as did the Lower Court, that the petitioner failed to sustain its burden of proving that the facts surrounding this accident was any different from that as given by the defendant driver.
We find, therefore, that upon noticing the boys on the highway at a distance of four hundred feet in front of him, he immediately took his foot off his accelerator to slacken the speed of his vehicle, and that the bicyclists formed a straight line, one after the other, in their right-hand or proper lane of traffic. Such action on the part of the boys indicated that they had noticed the approaching truck. As the second bicycle, upon which the deceased was riding, came to a point almost opposite the cab of the truck, for some unknown and unaccounted reason, the bicycle suddenly swerved at a 45 angle toward the truck. Such facts we believe do not show any negligence on the part of the defendant truck driver, as the boys were apparently operating their bicycles in a normal and safe manner until the sudden and immediate turn was made by the deceased, at which time it was too late for the truck driver to take any action to avoid striking the youth.
The law is well settled that a motorist is held to a high degree of care upon persons operating automobiles on the public streets and highways in the vicinity of small children. Haywood v. Fidelity Mutual Insurance Company, La.App., 47 So.2d 59, Stamps v. Henderson, La.App., 25 So.2d 305; Cormier v. Sinegal, La.App., 180 So.2d 567, 569. However, when a motorist has employed all reasonable precautions to avoid an accident and the sudden act of a child creates an emergency rendering it impossible for the motorist to avoid striking the child, the accident is deemed unavoidable and the motorist exonerated from liability. Kessinger v. Ashford, La.App., 165 So.2d 534.
The petitioner maintains that Aaron White was of such tender years as to be incapable of contributory negligence. We do not believe such to be the case. In the recent case of Ates v. State Farm Mutual Automobile Insurance Company, 191 So.2d 332, which involved an accident between an automobile and a bicycle ridden by a youngster aged nine and one-half years, the Court said:
"Defendant also contends the lower court committed error in holding that, as a matter of law, a nine and a half year old child is incapable of contributory negligence. We certainly agree that in exceptional circumstances a child of nine and a half years is capable of negligence and may therefor be barred from recovery. In the recent case of Cormier v. Sinegal, La.App. 3 Cir., 1965, 180 So.2d 567, we held that the test to be applied to determine the contributory negligence of small children is `a gross disregard of one's safety in the face of known, perceived and understood dangers.'"
In the Ates case, the Court held a nine and one-half year old child free of contributory negligence, when he suddenly swerved his bicycle into the path of an automobile. However, in that case it was not shown that the child knew that the automobile was approaching from his rear. The Court, however, distinguished cases involving situations in which the child was obviously aware of the approaching automobile and, despite this knowledge, veered into the path of the vehicle. Cormier v. Sinegal, supra; Cantrell v. H. J. Hill *205 Stores, La.App., 193 So. 389; Veillon v. Muffoletto, La.App., 77 So.2d 118. Therefore, the test to be applied to determine contributory negligence of small children is "a gross disregard of one's safety in the face of known, perceived and understood dangers." Cantrell v. H. J. Hill Stores, supra, certainly in this case young White knew of the approach of the cane truck.
At the time of the fatal accident, young White was ten years, one month and one day of age. His mother testified that he was attending school at St. Lucy's in Houma. There is no evidence in the record to show that he was not of average intelligence for a ten year old child. Jurisprudence of this state is to the effect that the burden of proving insufficient intelligence to be guilty of contributory negligence is upon the party seeking to negate the application of the rule of contributory negligence. Jenkins v. Fireman's Insurance Company of New York, La.App., 83 So.2d 494.
We, therefore, feel that the evidence reflects that Theodore Brown was free of negligence in this accident, because the facts disclose that he was driving his vehicle in a normal and prudent manner. He observed the presence of the bicycle riders in sufficient time to take any emergency measures which became necessary, however, while he was still some distance from the children, they returned to their proper lane of travel and formed a line one behind the other which indicated to Brown that they had noticed his oncoming truck and was clearing his lane of travel. The sole and proximate cause of this accident was the sudden act of young White in suddenly veering into the rear or trailer portion of the vehicle driven by Brown. We find no error on the part of the Lower Court.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by petitioner.
Judgment affirmed.