BOLIN, Judge.
Bessie McGraw, individually and as the administratrix of the estate of her minor son, Alvin James McGraw, sues to recover medical expenses incurred by her and for damages for personal injuries sustained by her son resulting from an accident. Young McGraw was struck by an automobile owned by Louie V. Crook, driven by his son, Louie V. Crook, Jr., and insured with public liability insurance by Southern Farm Bureau Casualty Insurance Company. Made defendants were Mr. Crook, his minor son and Southern Farm. An exception of lack of procedural capacity was sustained as to Louie V. Crook, Jr. and the suit was dismissed as to him. Following trial on the merits the trial judge, for written reasons, found the accident was caused solely by the negligence of Louie V. Crook, Jr. and rendered judgment in solido against his father and Southern Farm Bureau in favor of Bessie McGraw, individually, for $786 as special damages and, as administratrix of the estate of her minor son, for $3000 for personal injuries and defendants appeal.
The issue' of liability is largely a question of fact and we shall only outline the circumstances surrounding this accident since the trial judge has set them forth at length in his written opinion. On the day of the accident Louie V. Crook, Jr., sixteen years of age, was driving his father’s Pontiac automobile west on a rural blacktop highway in Morehouse Parish. While young Crook was approximately ISO yards away, driving approximately 45, m. p. h., he noticed some children walking west on both sides of the highway. Upon observing the children he took his foot from the accelerator and began reducing the speed of his car. When he arrived at a point approximately 40 yards from the children Michael Pitts, a young boy about nine years of age, ran across the road from south to north in front of his car. Louie testified that after the first boy ran across he continued slow *202 ing his vehicle but did not attempt to lock his brakes. He estimated that seven or eight seconds thereafter Alvin James McGraw, who was then seven years of age, started running across the highway from south to north and was struck by the Pontiac. Crook was able to stop his vehicle immediately and the car did not pass over the boy.
Tommy Autman testified he was driving his pick-up truck east in the opposite direction from the vehicle being operated by young Crook. He said he saw the two boys walking west on the side of the road and observed the Pontiac coming toward him. When he had traveled about fifty feet beyond the boys the Pontiac came abreast of his car. Autman estimated his own speed at about 25 m. p. h. and that of the Pontiac at approximately 45 m. p. h. when the two cars met. Through his rear view mirror Autman saw the Pitts boy run across the road and shortly thereafter saw the second boy start across. He testified he thought the latter might have safely completed the crossing had he not stopped and turned around. Young McGraw was almost in the center of the road when he was struck by the left side of the front bumper of the Pontiac, causing the personal injuries made the basis of this suit.
The jurisprudence of Louisiana places a very high degree of care upon persons operating automobiles on public highways in the vicinity of small children. This duty is not discharged by merely reducing one’s speed or sounding the horn. A motorist observing children along the roadside is charged with the duty of anticipating that the actions of young children, who are possessed with limited judgment, are likely to be sudden, unpredictable and even foolish. Ates v. State Farm Mutual Automobile Insurance Company, 191 So.2d 332 (La.App. 3 Cir. 1966) and cases cited therein.
In the present case the lower court found:
“* * * Louie V. Crook, Jr. was well acquainted with the area in which he was driving. The road was straight and the weather was clear and dry. He noticed the boys 150 yards ahead of him before the point of impact. He stated that they were walking in a westerly direction when he first observed them. At that time he was traveling about forty miles an hour. He then gradually decreased his speed to ten miles per hour. The first little boy ran across the road to safety. This in itself, in the Court’s opinion, was sufficient to put the defendant, Louie V. Crook, Jr., on guard in order to be able to stop his car completely before the other child ran across. Instead of stopping his automobile, he continued on and the child was struck.
* * *
In the court’s opinion, when this little boy ran across the road, Louie Crook, Jr. should have had his car under such efficient control as to make striking the second little boy impossible. This is not a case in which the child darts out from behind a car in front of the defendant unexpectedly. In this case, the defendant saw the children 150 yards away.”
The record amply supports the above findings and we conclude Louie V. Crook, Jr. was negligent and that such negligence was a proximate cause of the accident.
Next for consideration is the plea of contributory negligence leveled at the actions of Alvin James McGraw in crossing the highway in the manner in which he did. Plaintiff alleges in her petition that the child was born October 24, 1957, which would have made him seven years of age at the time of the accident. His date of birth is not contradicted although he did testify on the date of the trial that he was ten years of age on the latter date. We conclude he was between seven and eight years old when he received his injuries.
In determining whether the conduct of a child of seven or eight constitutes contributory negligence all the surrounding facts must be taken into consideration. The *203 child is required to exercise only the caution expected of one of his age and maturity, judged in the light of his capacity to evaluate the particular circumstances presented to him. Plauche v. Consolidated Companies, 235 La. 692, 105 So.2d 269 (1958).
After citing the Plauche case the lower court found:
“Considering the rale laid down in that case in connection with the facts of this case, the child in this case is a rural Negro boy, seven years of age. In this Court’s opinion he is not guilty of contributory negligence.”
We are in accord with the trial judge’s refusal to find young McGraw contribu-torily negligent.
Last for consideration is the question of quantum. The district judge adequately covered the injuries, treatment and prognosis in his written opinion.
There appears to be no dispute as to the medical expenses, and the injuries were conceded to have been painful. They included abrasions about the head and face on the right side and fracture of the right femur requiring manipulation under general anesthetic and application of a cast. The boy was hospitalized from August 15, 1965, until August 21, 1965, at which time X-rays revealed slipping of fragments, requiring further manipulation under general anesthetic. The patient was in a cast for eight weeks following which he was allowed to walk with cratches. X-rays taken December 13, 1965, revealed the upper shaft of the right femur to be solidly united. The examining physician detected a mild limp at that time but concluded it would be corrected with growth. The mother stated the child had no complaints with respect to discomfort. Alvin lost one semester in school due to the injuries.
Appellant, recognizing the “much discretion” rule, does not strongly urge reduction of the award should this court affirm the holding as to liability, although he does suggest an award of $2000 would be more in line with the jurisprudence.
The record discloses no abuse of discretion by the trial judge in fixing the quantum of damages and, accordingly, the award will not be disturbed.
For the reasons assigned the judgment appealed from is affirmed at appellants’ cost.
Affirmed.