SAVOY, Judge.
This is a tort suit. In a well-considered opinion the trial court has correctly determined the factual and legal issues in the instant case. We hereby adopt the trial judge’s opinion as our own, to-wit:
“This suit arises from an accident that occurred on or about September 6, 1967, shortly after 5 :00 P. M. at the intersection of Martha and Shattuck Streets, within the city limits of Lake Charles, Louisiana.
“Shattuck Street is a hard-surfaced through street, running north and south. Martha Street has a shell surface and runs east and west. There are stop signs posted on both sides of Shattuck, directing traffic on Martha to stop before entering the intersection.
“Just prior to the accident the defendant, John H. Guillory, was driving his automobile toward the south on Shattuck Street at a speed which he estimated to be around twenty-five miles per hour. He admitted he could have been driving as fast as thirty miles per hour, but also contended he could have been going slower than twenty-five miles per hour. He had not looked at his speedometer just before the accident, but was sure he was going slow.
“Lester Morgan, the nine year and seven months old son of the plaintiff, was struck by the Guillory vehicle as he proceeded on foot toward the west across Shattuck Street. At the time of the impact he was near the north side of the intersection, at about the center or slightly to the west of the middle of Shattuck Street.
“There is a playground designated as the Goosport Recreation Center situated at the southwest corner of this intersection. A church is located some distance to the north of the northwest corner of the intersection. Several houses are situated on the east side of Shattuck Street, to the north of Martha Street, at a distance of approximately fifteen feet from the edge of Shattuck. I am of the impression that there are a drive-in and a grocery store located at the southeast corner of the intersection.
“The plaintiff contends that the accident was caused by the negligence of Mr. Guillo-ry in several respects, and, consequently, he and his liability insurer, Travelers Insurance Company, are liable for the personal injuries and other damages which were sustained. On the other hand, the defendants contend that the accident was caused by the negligence of the child in suddenly running in front of the Guillory vehicle, and that such negligence or, alternatively, his contributory negligence, bars recovery herein.
“The applicable law has been generally stated by the Third Circuit Court of Appeal in Ates v. State Farm Mutual Automobile Insurance Company, 191 So.2d 332, as follows: ‘The jurisprudence of this state places the highest' degree of care upon persons operating automobiles on the public streets and highways in the vicinity of small children.’ (Citing authorities.) ‘This burden is not discharged by merely blowing a horn in warning or reducing one’s speed below the maximum limit. A motorist encountering children upon the roadside must anticipate that the very young are possessed of limited judgment and that their actions are likely to be sudden, unpredictable and often foolish.’
“However, it is also the law of this State that where an automobile is being driven at a proper rate of speed in a care *486 ful and prudent manner, and suddenly and without warning a child or other pedestrian darts into the path of the vehicle at a time when it is in such close proximity to the child that there is nothing the driver or any other cautious driver could have done under the circumstances to have avoided the accident, and the driver had no indication that this might occur, he is not guilty of negligence that is a proximate cause of the accident.
“With respect to the actions of the child in the Ates case the court said this, and I quote: We certainly agree that in exceptional circumstances a child of nine and a half years is capable of negligence and may therefore be barred from recovery. In the recent case of Cormier v. Sinegal, La.App., 3rd Cir., 1965, 180 So.2d 567, we held that the test to be applied to determine the contributory negligence of small children is “a gross disregard of one’s safety in the face of known, perceived and understood dangers.” ’
“In the Ates case, however, the court held that the nine and one-half year old child was not contributorily negligent, because it was not convinced he knew or understood the potential danger involved. In the Cormier case the court had this to say in regard to the test to be applied with respect to contributory negligence of a minor. ‘Although a child of twelve is not held to the same standard of self-care as an adult, he is nevertheless capable of contributory negligence.’ (Citing authorities.) ‘In evaluating whether the child’s conduct constitutes contributory negligence, the child is required to exercise only the care expected of his age, intelligence, and experience under the particular circumstances presented to him; in this respect, the obviousness or not of the danger to one of the child’s years, experience, and intelligence is taken into consideration.’
“Without recounting all of the evidence, the Court concludes that in this instance the defendant was negligent in operating his motor vehicle in this area, either at an excessive speed or without having it under proper control, or both. However, the Court believes that the young man, Lester Morgan, was contributorily negligent, as he was aware of and understood the nature of the danger that was involved in crossing the street at this particular point. His mother testified that she had warned him to look both ways for traffic, and he readily admitted that he knew he was supposed to do this in order to avoid being run over by an automobile in crossing a street. Under the circumstances, his entering the street at a time when the defendant’s automobile and other vehicles were in such close proximity clearly constituted negligence on his part, in spite of his tender years.
“The principal question to be determined, however, is whether or not the defendant, Mr. Guillory, had the last clear chance to avoid this accident.
“In Tate v. Hill [La.App.], 197 So.2d 107, the court stated that the plaintiff must discharge the burden of establishing three basic factors required for the application of the doctrine of last clear chance or discovered peril, and, as quoted from Jones v. Dozier [La.App.], 160 So.2d 395, they are these: ‘First plaintiff must establish that he was in a position of peril of which he was unaware or from which he was unable to extricate himself. Secondly, plaintiff must show that defendant was in a position to discover plaintiff’s peril upon the exercise of reasonable care, caution and observation. Finally, plaintiff must establish that when defendant discovered plaintiff’s peril, defendant was possessed of a reasonable opportunity to avoid the accident.’
“In this case the plaintiff has unquestionably satisfied the first of these requirements by establishing that the child was in a position of peril from which he was unable to extricate himself at the time that he discovered the presence of the approaching Guillory vehicle. The more difficult issue, however, is whether or not the *487 defendant either saw or should have seen the child in time to have avoided the accident. In the Court’s opinion, this must necessarily turn on the question or whether or not it believes the defendant’s testimony that this child came from behind a truck that was proceeding in the opposite direction from the Guillory car. If he did, then I do not believe that Mr. Guillory had an opportunity to avoid this accident by the exercise of any reasonable means, because it is clear from the evidence that the child was not simply walking across the street, he was actually running or ‘whirling,’ as one witness testified. On the other hand, if the presence of the truck is a pure fabrication on his part, then it appears to the Court that Guillory should have been in a position to have discovered the boy’s presence on the edge of the street prior to his attempting to cross Shattuck and, consequently, should have anticipated that he might do this foolhardy act of attempting to cross in front of Mr. Guillory’s automobile.
“Two disinterested eye witnesses, Mr. Goodwill and Miss Webb, both saw the young man just before the accident occurred. Mr. Goodwill, who was proceeding toward the north on Shattuck, testified that he saw the boy when he was some fifteen to twenty yards from the corner, at which time the young man was in a running position. He slammed on his brakes and was able to come to a stop just before he reached the south line of the intersection and avoided striking the child. Miss Webb was parked on Martha Street, headed east, waiting for traffic to pass. She testified that she saw the boy just a moment before he was struck by the left front portion of the Guillory car, and he was in a whirling motion at the time. It was the Court’s impression from the testimony of both of these witnesses that they did not observe any fault on the part of Mr. Guil-lory. Mr. Goodwill testified that there was a vehicle of some sort quite a distance ahead of him. Miss Webb testified that the boy almost got hit by a truck. Although her testimony was not exactly clear in this respect, she seemed to indicate that the boy passed in front of the truck. Nevertheless, both of these witnesses saw some vehicle proceeding from the south to the north shortly before this accident occurred, which tends to corroborate Mr. Guillory’s testimony that a truck was actually present which obstructed his view of the young man until such time that the latter was unable to avoid the accident through the use of any reasonable means.
“The Court therefore concludes the plaintiff has failed to establish that the last clear chance doctrine is applicable under the circumstances of this case. Consequently, the plaintiff is barred from recovery by reason of contributory negligence of the minor, Lester Morgan.”
For the reasons assigned the judgment of the district court is affirmed at appellant’s costs.
Affirmed.