CULPEPPER, Judge.
This is a suit for damages for personal injuries to a six-year old child who ran across a street into the side of the defendant motorist’s moving automobile. The district judge found the defendant motorist free of negligence. Plaintiff appealed.
The accident occurred on Main Street in the city of Pineville. This is a heavily traveled paved thoroughfare, about 40 feet in width, which runs generally north and south. It accommodates two-lane, two-way traffic with parking on the east side.
At the scene of the accident, a Dairy Queen Drive-in is located on the west side of the street, approximately in the center of a city block, where pedestrians would not normally cross the street. It was about 4:30 p. m. on December 1, 1969, and traffic was heavy. The injured child and an older companion were on the sidewalk on the east side of the street and intended to cross to the Dairy Queen. They proceeded at a “fast walk” past the cars parked on the east side of the street and into the north bound lane of traffic. Mr. Carroll Dunn, who was driving in a northerly direction, applied his brakes in order to avoid striking the girls and then signaled them to go on across. The defendant motorist, Joseph L. Bordelon, was approaching the girls in a southerly direction and says that he did not see them until they were only a few feet from the side of his car. The oldest child apparently stopped, but the younger ran into the side of the Bordelon vehicle.
The evidence amply supports the following findings of fact by the trial judge:
“It is this Court’s impression that Mr. Folk, a disinterested witness, gave the clearest and most logical interpretation of the accident. He was on the south side of his building on the outside when the accident occurred and he was looking at the street. There were cars parked on the east side and there was north bound traffic. He saw the girls on the east side of the street opposite his south driveway. They came across the street at a fast walk. The north bound car stopped. (Dunn). They were in between Dunn’s car and a vehicle in front of him. When the green car (driven by Dunn) hit its brakes and swerved the girls turned to see it, turned back and ran into the side of Bordelon’s car. He estimated Bordelon’s speed at 20 to 25 miles per hour. The impact was about the middle of the vehicle and Bordelon stopped approximately one car length past his driveway after the incident. The children were never in front of Bor-delon’s vehicle.
“Other testimony conflicts as to the manner in which the accident occurred. Folk’s testimony is clear, believable and is accepted by this Court as the manner in which the accident occurred.
“This Court fails to find any negligence on the part of Bordelon. There is no evidence to the effect that he saw the children prior to the time they darted into the side of his automobile and the degree of care is that of a normal, prudent driver. It does not reach the point of extreme care until such time as chidren are seen or should have been seen.”
Plaintiff’s principal argument is that under Folk’s testimony, a gap of three to five car-lengths occurred when Dunn hit his brakes while the vehicles in front of him kept on going north. Plaintiff says that when this gap was created, Bordelon should have seen the girls in the north bound lane in time to avoid the accident. We cannot agree. Assuming that the north bound traffic was proceeding at 25 miles per hour, a gap of three to five car-lengths would be completed in one or two seconds. *505 It would be unreasonable to require the defendant Bordelon to see the children and take the necessary action to avoid the accident, in so short a time. Actually, it is very doubtful that he could have avoided this accident even if he had seen the girls immediately on hearing Dunn apply his brakes.
The applicable law is well established. A motorist who sees or should see children in or near the street, must exercise a high degree of care in view of the propensity of young children to run across the road, heedless of their own safety, Ates v. State Farm Mutual Automobile Insurance Company, et al., La.App., 191 So.2d 332 (3rd Cir. 1966). However, a motorist is not an insurer of the safety of small children and he will not be held liable where a child suddenly darts or runs into his vehicle from a concealed position in such a manner that he could not see the child in time to avoid the accident, Duraso v. Barbo, La.App., 215 So.2d 908 (1st Cir. 1968).
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.