TUCKER, Judge.
This is a suit for delictual damage to the right hand of Rebecca Lee Robinson, who was nine and one-half years old at the time, in an accident which occurred at the Central Fire Station in Baton Rouge, Louisiana, on October 31, 1966. On that occasion Rebecca Lee, her mother, her aunt, and seven other children who were her cousins, were passing by the Central Fire Station, having attended a puppet show at the Gordon Theater on Fourth Street, when Mrs. Bonnie *60 Boudreaux, her aunt, who had had much experience with Girl Scout troops, suggested that they stop and tour the Fire Station. The party of two adults and eight children was welcomed by the firemen who proceeded to give them a tour around the station, as they frequently did.
Captain L. D. Barker, who had been employed by the Fire Department for twenty-two years and a captain for seventeen years, guided the tour. He undertook to show a new fire engine to the party. Before getting into the cab of the fire engine to demonstrate the siren, which he testified that the children wanted to hear, as most children do, he warned everybody to step back. He then got into the cab, from which position he could not see Rebecca Lee, and pushed the button which activated the siren. Captain Barker testified that he could not see the siren from his position in the cab of the fire engine, because it was located on the running board in the front of the truck, right down by the side of the door of the truck.
In the meantime and unknown to Captain Barker, Rebecca Lee had undertaken to explain the rotor in the siren to one of the other children. She testified when the siren was turned on it scared her so badly that her finger slipped into the mechanism, which did not have a protective cover, and she immediately sustained a traumatic amputation of the distal phalanx of her right index finger. She was rushed to the Lady of the Lake Hospital for treatment and has made good recovery since that time.
Plaintiffs sued the City of Baton Rouge and the Parish of East Baton Rouge for Twenty-five Thousand and no/100 ($25,-000.00) Dollars and for Four Hundred Three and e%oo ($403.65) Dollars medical expenses.
Plaintiffs charge that the accident was caused entirely by the negligence of Captain L. D. Barker, who was acting within the course and scope of his employment as an agent of the City of Baton Rouge and Parish of East Baton Rouge. They specifically charge him with failure to keep a proper lookout for the safety of the children; failure to see what he should have seen; proceeding to turn on the siren while the children were near the engine, at his invitation, without first ascertaining whether or not the siren could be turned on without injury to the children; and for other acts of negligence. Authorization to bring the suit was obtained by House Concurrent Resolution No. 178, duly passed at the 1968 session of the Legislature of Louisiana.
A peremptory exception was filed by the Parish of East Baton Rouge, alleging that under Chapter 7, Section 7.01, et seq., of the Plan of Government of the Parish of East Baton Rouge and the City of Baton Rouge, the responsibility of the fire department for the urban area is that of the City of Baton Rouge.
Upon a hearing on the merits judgment was rendered in favor of the defendants, dismissing the case at plaintiffs’ cost. By consent of the plaintiff the peremptory exception filed by the Parish of East Baton Rouge was maintained, and suit was dismissed against the Parish, also.
From the judgment in the lower court plaintiffs have appealed reiterating the negligence of Captain Barker, the agent of the City of Baton Rouge. Plaintiffs charge Captain Barker with breaching his duty to a small child who could not possibly appreciate the danger involved in tampering with the siren. Plaintiffs charge that Captain Barker who was handling a new piece of equipment for the first time should not have let the children touch it, should have warned them specifically that he was going to blow the siren before he did, and should have had a protective covering over the siren. Plaintiffs further allege that Rebecca Lee was not contributorily negligent; *61 that only under exceptional circumstances should a nine and one-half year old child be charged with contributory negligence, and that the test to be applied is that of Cormier v. Sinegal, 180 So.2d 567 (La.App. 3d Cir. 1965), “a gross disregard of one’s safety in the face of known, perceived, and understood dangers.”
This court agrees with the lower court in finding no negligence on the part of Captain Barker. As invitees, the firemen owed plaintiff-appellants the duty of reasonable and ordinary care. Captain Barker, the long-time employee of the Fire Department, had shown hundreds of children through the fire department for many years, without any previous accident. It must be presumed that he was familiar with the habits and behavior of children and knew what precautions to take in their behalf. Although the other witnesses do not remember Captain Barker’s warning, he testified that he did warn everyone to step back before he got into the cab of the fire engine to turn on the light and blow the siren. Evidently the lower court judge believed him, and we see no reason to doubt his word. One of the adult witnesses, Rebecca Lee’s aunt, Mrs. Boudreaux, quite frankly could not remember very well the events surrounding the accident which had occurred four years prior to trial. We think it likely that with eight small children swarming around, sliding down poles, and investigating fire engines, no one, including the adults, heard everything Captain Barker said, or comprehended all of his instructions and directions. No doubt Captain Barker ascended to his place in the cab of the fire engine to demonstrate its siren, relying upon the two mothers to control the children and keep them in a place of safety while he was conducting the demonstration. He could not see nor be expected to keep his eyes on all of the children while in the cab of the fire engine. He had never blown the siren of the new fire engine, but he surely could be expected to assume that it functioned like any other. He did not know that it did not have a protective screen over it, but neither could he know or reasonably anticipate that a child would stick his or her finger into it. Under the circumstances set forth above, we do not find Captain Barker guilty of any negligence causing the unfortunate accident wherein Rebecca Lee Robinson lost the tip of her finger.
Inasmuch as we do not find Captain Barker guilty of negligence, it is not necessary to explore the issues of contributory negligence herein. Nevertheless, we must observe that Mrs. Robinson, the mother of Rebecca Lee, by her own testimony, saw Rebecca Lee near the siren and heard her explaining to one of her little cousins how the blade within it revolved to make the sound; yet Mrs. Robinson, who knew that Captain Barker had gotten into the cab of the fire engine, issued no warning word to her daughter, nor did she draw her back or deflect her hand in any way from the siren. Rebecca Lee, on the other hand, appeared to be a very intelligent child for her nine and one-half years. Surely, if she knew how to explain the mechanics of the siren, she appreciated the dangers involved and showed a gross disregard for her own safety by turning around with her finger what she termed “a little grate . . . thing that I guess helped amplify the sound.”
The judgment of the lower court is correct and will be affirmed, with all costs being charged to the plaintiff-appellants.
Judgment affirmed.